**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

<table>
<tr>
<td>

CAPITAL FUNDING, LLC, a Maryland limited liability company,

                    Plaintiff,

v.

BATAVIA, LLC, TIMBERCREEK HCC, LLC, FONDULAC, LLC, BLOOMINGTON, LLC, SUNSET HCC, LLC, EASTSIDE, LLC, CISNE, LLC, BENTON HCC, LLC, OZARK HCC, LLC, PETERSEN HEALTH JUNCTION, LLC, PETERSEN HEALTH OPERATIONS, LLC, and PETERSEN MT2, LLC, each an Illinois limited liability company,

**DOES 1-12**, the last twelve names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons, or entities, if any, having or claiming an interest in or lien upon the mortgaged premises described in the complaint

                    Defendants.

</td>
<td>

Case No. _____

Judge _____

</td>
</tr>
</table>

## **VERIFIED COMPLAINT**

Plaintiff Capital Funding, LLC, a Maryland limited liability company ("Plaintiff") files this Verified Complaint against Defendants Batavia, LLC, Timbercreek HCC, LLC, Fondulac, LLC, Bloomington, LLC, Sunset HCC, LLC, Eastside, LLC, Cisne, LLC, Benton HCC, LLC, Ozark HCC, LLC, Petersen Health Junction, LLC, Petersen Health Operations, LLC, and Petersen MT2, LLC (and Does 1 to 12 collectively, "Defendants" and each a "Defendant"),

and alleges as follows.

## NATURE OF THE CASE

1.    Defendants Batavia, LLC; Timbercreek HCC, LLC; Fondulac, LLC; Bloomington, LLC; Sunset HCC, LLC; Eastside, LLC; Cisne, LLC; Benton HCC, LLC; and Ozark HCC, LLC (collectively, "Owner Defendants" and each an "Owner Defendant") are owners of real property on which Defendants Petersen Health Junction, LLC and Petersen Health Operations, LLC (together, "Operator Defendants" and each an "Operator Defendant") operate skilled nursing and independent care facilities in Illinois. Defendant Petersen MT2, LLC is the master tenant ("Master Tenant Defendant") for the lease of the real properties from Owner Defendants to Operator Defendants.

2.    Plaintiff is Defendants' senior secured creditor with a first-priority security interest in and lien on substantially all of Defendants' assets. Owner Defendants are in default under their loan agreements with Plaintiff with a current outstanding balance in excess of $19,363,527.64.

3.    This is an action for breach of contract, foreclosure and enforcement of security interests.

## PARTIES

4.    Plaintiff a Maryland limited liability company, with its principal office located at 1422 Clarkview Road, Baltimore, MD 21209. The sole member of Plaintiff is CFG Bank, a Maryland state-chartered bank. CFG Bank's principal place of business is located at 1422 Clarkview Road, Baltimore, MD 21209.

5.      Each Owner Defendant and Operator Defendant is an Illinois limited liability company.

6.      The sole member of Owner Defendants is Petersen Health Care III, LLC.  The sole member of Petersen Health Care III, LLC is Mark Petersen, an Illinois resident and citizen of the United States of America.

7.      The members of Operator Defendant Petersen Health Operations, LLC are Mark Petersen, a resident of Illinois and citizen of the United States of America, and MBP Partner, LLC, an Illinois limited liability company whose sole member is Mark Petersen, a resident of Illinois and citizen of the United States of America.

8.      The sole member of Operator Defendant Petersen Health Junction, LLC is Petersen Health Care, Inc., an Illinois corporation, whose principal place of business is in Peoria, Illinois.

9.      The sole member of Master Tenant Defendant is Mark Petersen, a resident of Illinois and citizen of the United States of America.

10.     Each Owner Defendant is the owner of real property on which a skilled nursing or independent care facility is operated by one of the Operator Defendants.

11.     Owner Defendant Batavia, LLC owns real property located at 520 Fabyan Parkway, Batavia, IL 60510 (the "Batavia Real Property") on which Operator Defendant Petersen Health Operations, LLC operates Batavia Rehabilitation & Health Care Center, a 63-bed licensed independent care facility (the "Batavia Facility").

12.     Owner Defendant Timbercreek HCC, LLC owns real property located at 2220 State Street, Pekin, IL 61554 (the "Timbercreek Real Property") on which Operator Defendant

Petersen Health Operations, LLC operates Timbercreek Rehab & Health Care Center, a 202-bed licensed skilled nursing facility (the "Timbercreek Facility").

13.     Owner Defendant Fondulac, LLC owns real property located at 901 Illini Drive, East Peoria, IL 61611 (the "Fondulac Real Property") on which Operator Defendant Petersen Health Operations, LLC operates Fondulac Rehabilitation and Health Care Center, a 98-bed licensed skilled nursing facility (the "Fondulac Facility").

14.     Owner Defendant Bloomington, LLC owns real property located at 1925 South Main Street, Bloomington, IL 61701 (the "Bloomington Real Property") on which Operator Defendant Petersen Health Operations, LLC operates Bloomington Rehabilitation and Health Care Center, a 78-bed licensed skilled nursing and independent care facility (the "Bloomington Facility").

15.     Owner Defendant Sunset HCC, LLC owns real property located at 129 South 1st Street Avenue, Canton, IL 61520 (the "Sunset Real Property") on which Operator Defendant Petersen Health Junction, LLC operates Sunset Rehabilitation and Health Care, a 115-bed licensed skilled nursing and independent care facility (the "Sunset Facility").

16.     Owner Defendant Eastside, LLC owns real property located at 1400 East Washington Street, Pittsfield, IL 62363 (the "Eastside Real Property") on which Operator Defendant Petersen Health Operations, LLC operates Eastside Health & Rehabilitation Center, a 92-bed licensed skilled nursing facility (the "Eastside Facility").

17.     Owner Defendant Cisne, LLC owns real property located at 107 North Watkins Street, Cisne, IL 62823 (the "Cisne Real Property") on which Operator Defendant Petersen

4

Health Operations, LLC operates Cisne Rehab & Health Care Center, a 35-bed licensed skilled nursing and independent care (the "Cisne Facility").

18.     Owner Defendant Benton HCC, LLC owns real property located at 1409 North Main Street, Benton, IL 62812 (the "Benton Real Property") on which Operator Defendant Petersen Health Operations, LLC operates Benton Rehab & Health Care Center, a 67-bed licensed skilled nursing and independent care (the "Benton Facility").

19.     Owner Defendant Ozark HCC, LLC owns real property located at 1083 Ozark Care Drive, Osage Beach, MO 65065 (the "Ozark Real Property" and together with the Batavia Real Property, the Timbercreek Real Property, the Fondulac Real Property, the Bloomington Real Property, the Sunset Real Property, the Eastside Real Property, the Cisne Real Property and the Benton Real Property, the "Real Properties" and each a "Real Property") on which Operator Defendant Petersen Health Operations, LLC operates Ozark Rehabilitation & Health Care Center, a 60-bed licensed skilled nursing (the "Ozark Facility").

20.     Defendants DOES 1-12, the last twelve names being fictitious and unknown to Plaintiff, are the persons or parties intended being the tenants, occupants, persons, or entities, if any, having or claiming an interest in or lien upon the Real Properties.

## JURISDICTION AND VENUE

21.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because it is a civil action between citizens of various States within the United States, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

22.     Venue is proper in this district under 28 U.S.C. § 1391(b) because (i) Owner Defendant Batavia, LLC owns real property in this district and (ii) Operator Defendant Petersen Health Operations, LLC conducts its business operations in this district.

## FACTS

I.      **Plaintiff Provided a $1,123,000.00 Loan to Owner Defendant Batavia, LLC Secured by a First Priority Lien on Substantially All of Owner Defendant Batavia, LLC's Assets, Operator Defendant Petersen Health Operations, LLC's Assets and Defendant Master Tenant's Assets.**

23.     Pursuant to that certain Healthcare Facility Note dated as of September 1, 2014 (the "Batavia HUD Note"), Plaintiff provided a loan, insured by the United States Department of Housing and Urban Development ("HUD") in the original principal amount of $1,123,000.00 to Owner Defendant Batavia, LLC (the "Batavia HUD Loan").  A true and correct copy of the Batavia HUD Note is attached hereto as Exhibit A.

24.     In connection with the Batavia HUD Loan, Owner Defendant Batavia, LLC issued that certain Healthcare Mortgage, Assignment of Leases, Rents and Revenue and Security Agreement dated as of September 1, 2014 to Plaintiff granting a mortgage on the Batavia Real Property and security interest in assets related thereto (the "Batavia Mortgage") to secure the Batavia HUD Loan.  A true and correct copy of the Batavia Mortgage is attached hereto as Exhibit B.

25.     In connection with the Batavia HUD Loan, Operator Defendant Petersen Health

Operations, LLC issued that certain Operator Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Batavia Operator Security Agreement"). A true and correct copy of the Batavia Operator Security Agreement is attached hereto as Exhibit C.

26. In connection with the Batavia HUD Loan, Operator Defendant Petersen Health Operations, LLC also issued that certain Assignment of Leases and Rents dated September 1, 2014 assigning its rights to all rents and leases from the Batavia Facility to Plaintiff (the "Batavia Assignment of Leases and Rents"). A true and correct copy of the Batavia Assignment of Leases and Rents is attached hereto as Exhibit D.

27. In connection with the Batavia HUD Loan, Defendant Master Tenant issued that certain Master Tenant Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Batavia Master Tenant Security Agreement"). A true and correct copy of the Batavia Master Tenant Security Agreement is attached hereto as Exhibit E.

## II. Plaintiff Provided a $4,222,400.00 Loan to Owner Defendant Timbercreek HCC, LLC Secured by a First Priority Lien on Substantially All of Owner Defendant Timbercreek HCC, LLC's Assets, Operator Defendant Petersen Health Operations, LLC's Assets and Defendant Master Tenant's Assets.

28. Pursuant to that certain Healthcare Facility Note dated as of September 1, 2014 (the "Timbercreek HUD Note"), Plaintiff provided a loan, insured by HUD in the original principal amount of $4,222,400.00 to Owner Defendant Timbercreek HCC, LLC (the "Timbercreek HUD Loan"). A true and correct copy of the Timbercreek HUD Note is attached hereto as Exhibit F.

29. In connection with the Timbercreek HUD Loan, Owner Defendant Timbercreek HCC, LLC issued that certain Healthcare Mortgage, Assignment of Leases, Rents and Revenue

and Security Agreement dated as of September 1, 2014 to Plaintiff granting a mortgage on the Timbercreek Real Property and security interest in assets related thereto (the "Timbercreek Mortgage") to secure the Timbercreek HUD Loan.  A true and correct copy of the Timbercreek Mortgage is attached hereto as Exhibit G.

30.     In connection with the Timbercreek HUD Loan, Operator Defendant Petersen Health Operations, LLC issued that certain Operator Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Timbercreek Operator Security Agreement").  A true and correct copy of the Timbercreek Operator Security Agreement is attached hereto as Exhibit H.

31.     In connection with the Timbercreek HUD Loan, Operator Defendant Petersen Health Operations, LLC also issued that certain Assignment of Leases and Rents dated September 1, 2014 assigning its rights to all rents and leases from the Timbercreek Facility to Plaintiff (the "Timbercreek Assignment of Leases and Rents").  A true and correct copy of the Timbercreek Assignment of Leases and Rents is attached hereto as Exhibit I.

32.     In connection with the Timbercreek HUD Loan, Defendant Master Tenant issued that certain Master Tenant Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Timbercreek Master Tenant Security Agreement").  A true and correct copy of the Timbercreek Master Tenant Security Agreement is attached hereto as Exhibit J.

**III.    Plaintiff Provided a $2,799,200.00 Loan to Owner Defendant Fondulac, LLC Secured by a First Priority Lien on Substantially All of Owner Defendant Fondulac, LLC's Assets, Operator Defendant Petersen Health Operations, LLC's Assets and Defendant Master Tenant's Assets.**

33.     Pursuant to that certain Healthcare Facility Note dated as of September 1, 2014

8

(the "Fondulac HUD Note"), Plaintiff provided a loan, insured by HUD in the original principal amount of $2,799,200.00 to Owner Defendant Fondulac, LLC (the "Fondulac HUD Loan"). A true and correct copy of the Fondulac HUD Note is attached hereto as Exhibit K.

34.     In connection with the Fondulac HUD Loan, Owner Defendant Fondulac, LLC issued that certain Healthcare Mortgage, Assignment of Leases, Rents and Revenue and Security Agreement dated as of September 1, 2014 to Plaintiff granting a mortgage on the Fondulac Real Property and security interest in assets related thereto (the "Fondulac Mortgage") to secure the Fondulac HUD Loan. A true and correct copy of the Fondulac Mortgage is attached hereto as Exhibit L.

35.     In connection with the Fondulac HUD Loan, Operator Defendant Petersen Health Operations, LLC issued that certain Operator Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Fondulac Operator Security Agreement"). A true and correct copy of the Fondulac Operator Security Agreement is attached hereto as Exhibit M.

36.     In connection with the Fondulac HUD Loan, Operator Defendant Petersen Health Operations, LLC also issued that certain Assignment of Leases and Rents dated September 1, 2014 assigning its rights to all rents and leases from the Fondulac Facility to Plaintiff (the "Fondulac Assignment of Leases and Rents"). A true and correct copy of the Fondulac Assignment of Leases and Rents is attached hereto as Exhibit N.

37.     In connection with the Fondulac HUD Loan, Defendant Master Tenant issued that certain Master Tenant Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Fondulac Master Tenant Security Agreement"). A true and correct

9

copy of the Fondulac Master Tenant Security Agreement is attached hereto as <u>Exhibit O</u>.

**IV.** **Plaintiff Provided a $2,019,400.00 Loan to Owner Defendant Bloomington, LLC Secured by a First Priority Lien on Substantially All of Owner Defendant Bloomington, LLC's Assets, Operator Defendant Petersen Health Operations, LLC's Assets and Defendant Master Tenant's Assets.**

38.     Pursuant to that certain Healthcare Facility Note dated as of September 1, 2014 (the "<u>Bloomington HUD Note</u>"), Plaintiff provided a loan, insured by HUD in the original principal amount of $2,019,400.00 to Owner Defendant Bloomington, LLC (the "<u>Bloomington HUD Loan</u>").  A true and correct copy of the Bloomington HUD Note is attached hereto as <u>Exhibit P</u>.

39.     In connection with the Bloomington HUD Loan, Owner Defendant Bloomington, LLC issued that certain Healthcare Mortgage, Assignment of Leases, Rents and Revenue and Security Agreement dated as of September 1, 2014 to Plaintiff granting a mortgage on the Bloomington Real Property and security interest in assets related thereto (the "<u>Bloomington Mortgage</u>") to secure the Bloomington HUD Loan.  A true and correct copy of the Bloomington Mortgage is attached hereto as <u>Exhibit Q</u>.

40.     In connection with the Bloomington HUD Loan, Operator Defendant Petersen Health Operations, LLC issued that certain Operator Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "<u>Bloomington Operator Security Agreement</u>").  A true and correct copy of the Bloomington Operator Security Agreement is attached hereto as <u>Exhibit R</u>.

41.     In connection with the Bloomington HUD Loan, Operator Defendant Petersen Health Operations, LLC also issued that certain Assignment of Leases and Rents dated September 1, 2014 assigning its rights to all rents and leases from the Bloomington Facility to

Plaintiff (the "Bloomington Assignment of Leases and Rents").  A true and correct copy of the Bloomington Assignment of Leases and Rents is attached hereto as Exhibit S.

42.     In connection with the Bloomington HUD Loan, Defendant Master Tenant issued that certain Master Tenant Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Bloomington Master Tenant Security Agreement").  A true and correct copy of the Bloomington Master Tenant Security Agreement is attached hereto as Exhibit T.

**V.     Plaintiff Provided a $2,814,400.00 Loan to Owner Defendant Sunset HCC, LLC Secured by a First Priority Lien on Substantially All of Owner Defendant Sunset HCC, LLC's Assets, Operator Defendant Petersen Health Junction, LLC's Assets and Defendant Master Tenant's Assets.**

43.     Pursuant to that certain Healthcare Facility Note dated as of September 1, 2014 (the "Sunset HUD Note"), Plaintiff provided a loan, insured by HUD in the original principal amount of $2,814,400.00 to Owner Defendant Sunset HCC, LLC (the "Sunset HUD Loan").  A true and correct copy of the Sunset HUD Note is attached hereto as Exhibit U.

44.     In connection with the Sunset HUD Loan, Owner Defendant Sunset HCC, LLC issued that certain Healthcare Mortgage, Assignment of Leases, Rents and Revenue and Security Agreement dated as of September 1, 2014 to Plaintiff granting a mortgage on the Sunset Real Property and security interest in assets related thereto (the "Sunset Mortgage") to secure the Sunset HUD Loan.  A true and correct copy of the Sunset Mortgage is attached hereto as Exhibit V.

45.     In connection with the Sunset HUD Loan, Operator Defendant Petersen Health Junction, LLC issued that certain Operator Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Sunset Operator Security Agreement").  A

true and correct copy of the Sunset Operator Security Agreement is attached hereto as <u>Exhibit W</u>.

46.     In connection with the Sunset HUD Loan, Operator Defendant Petersen Health Junction, LLC also issued that certain Assignment of Leases and Rents dated September 1, 2014 assigning its rights to all rents and leases from the Sunset Facility to Plaintiff (the "<u>Sunset Assignment of Leases and Rents</u>").  A true and correct copy of the Sunset Assignment of Leases and Rents is attached hereto as <u>Exhibit X</u>.

47.     In connection with the Sunset HUD Loan, Defendant Master Tenant issued that certain Master Tenant Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "<u>Sunset Master Tenant Security Agreement</u>").  A true and correct copy of the Sunset Master Tenant Security Agreement is attached hereto as <u>Exhibit Y</u>.

**VI.     Plaintiff Provided a $5,298,000.00 Loan to Owner Defendant Eastside, LLC Secured by a First Priority Lien on Substantially All of Owner Defendant Eastside, LLC's Assets, Operator Defendant Petersen Health Operations, LLC's Assets and Defendant Master Tenant's Assets.**

48.     Pursuant to that certain Healthcare Facility Note dated as of September 1, 2014 (the "<u>Eastside HUD Note</u>"), Plaintiff provided a loan, insured by HUD in the original principal amount of $5,298,000.00 to Owner Defendant Eastside, LLC (the "<u>Eastside HUD Loan</u>").  A true and correct copy of the Eastside HUD Note is attached hereto as <u>Exhibit Z</u>.

49.     In connection with the Eastside HUD Loan, Owner Defendant Eastside, LLC issued that certain Healthcare Mortgage, Assignment of Leases, Rents and Revenue and Security Agreement dated as of September 1, 2014 to Plaintiff granting a mortgage on the Eastside Real Property and security interest in assets related thereto (the "<u>Eastside Mortgage</u>") to secure the Eastside HUD Loan.  A true and correct copy of the Eastside Mortgage is attached hereto as <u>Exhibit AA</u>.

50.     In connection with the Eastside HUD Loan, Operator Defendant Petersen Health Operations, LLC issued that certain Operator Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Eastside Operator Security Agreement"). A true and correct copy of the Eastside Operator Security Agreement is attached hereto as Exhibit BB.

51.     In connection with the Eastside HUD Loan, Operator Defendant Petersen Health Operations, LLC also issued that certain Assignment of Leases and Rents dated September 1, 2014 assigning its rights to all rents and leases from the Eastside Facility to Plaintiff (the "Eastside Assignment of Leases and Rents").     A true and correct copy of the Eastside Assignment of Leases and Rents is attached hereto as Exhibit CC.

52.     In connection with the Eastside HUD Loan, Defendant Master Tenant issued that certain Master Tenant Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Eastside Master Tenant Security Agreement").  A true and correct copy of the Eastside Master Tenant Security Agreement is attached hereto as Exhibit DD.

**VII.    Plaintiff Provided a $1,118,500.00 Loan to Owner Defendant Cisne, LLC Secured by a First Priority Lien on Substantially All of Owner Defendant Cisne, LLC's Assets, Operator Defendant Petersen Health Operations, LLC's Assets and Defendant Master Tenant's Assets.**

53.     Pursuant to that certain Healthcare Facility Note dated as of September 1, 2014 (the "Cisne HUD Note"), Plaintiff provided a loan, insured by HUD in the original principal amount of $1,118,500.00 to Owner Defendant Cisne, LLC (the "Cisne HUD Loan").  A true and correct copy of the Cisne HUD Note is attached hereto as Exhibit EE.

54.     In connection with the Cisne HUD Loan, Owner Defendant Cisne, LLC issued that certain Healthcare Mortgage, Assignment of Leases, Rents and Revenue and Security

Agreement dated as of September 1, 2014 to Plaintiff granting a mortgage on the Cisne Real Property and security interest in assets related thereto (the "Cisne Mortgage") to secure the Cisne HUD Loan. A true and correct copy of the Cisne Mortgage is attached hereto as Exhibit FF.

55.     In connection with the Cisne HUD Loan, Operator Defendant Petersen Health Operations, LLC issued that certain Operator Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Cisne Operator Security Agreement"). A true and correct copy of the Cisne Operator Security Agreement is attached hereto as Exhibit GG.

56.     In connection with the Cisne HUD Loan, Operator Defendant Petersen Health Operations, LLC also issued that certain Assignment of Leases and Rents dated September 1, 2014 assigning its rights to all rents and leases from the Cisne Facility to Plaintiff (the "Cisne Assignment of Leases and Rents"). A true and correct copy of the Cisne Assignment of Leases and Rents is attached hereto as Exhibit HH.

57.     In connection with the Cisne HUD Loan, Defendant Master Tenant issued that certain Master Tenant Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Cisne Master Tenant Security Agreement"). A true and correct copy of the Cisne Master Tenant Security Agreement is attached hereto as Exhibit II.

**VIII.    Plaintiff Provided a $2,927,200.00 Loan to Owner Defendant Benton HCC, LLC Secured by a First Priority Lien on Substantially All of Owner Defendant Benton HCC, LLC's Assets, Operator Defendant Petersen Health Operations, LLC's Assets and Defendant Master Tenant's Assets.**

58.     Pursuant to that certain Healthcare Facility Note dated as of September 1, 2014 (the "Benton HUD Note"), Plaintiff provided a loan, insured by HUD in the original principal amount of $2,927,200.00 to Owner Defendant Benton HCC, LLC (the "Benton HUD Loan"). A

true and correct copy of the Benton HUD Note is attached hereto as <u>Exhibit JJ</u>.

59.     In connection with the Benton HUD Loan, Owner Defendant Benton HCC, LLC issued that certain Healthcare Mortgage, Assignment of Leases, Rents and Revenue and Security Agreement to Plaintiff granting a mortgage on the Benton Real Property and security interest in assets related thereto (the "<u>Benton Mortgage</u>") to secure the Benton HUD Loan.  A true and correct copy of the Benton Mortgage is attached hereto as <u>Exhibit KK</u>.

60.     In connection with the Benton HUD Loan, Operator Defendant Petersen Health Operations, LLC issued that certain Operator Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "<u>Benton Operator Security Agreement</u>").  A true and correct copy of the Benton Operator Security Agreement is attached hereto as <u>Exhibit LL</u>.

61.     In connection with the Benton HUD Loan, Operator Defendant Petersen Health Operations, LLC also issued that certain Assignment of Leases and Rents dated September 1, 2014 assigning its rights to all rents and leases from the Benton Facility to Plaintiff (the "<u>Benton Assignment of Leases and Rents</u>").  A true and correct copy of the Benton Assignment of Leases and Rents is attached hereto as <u>Exhibit MM</u>.

62.     In connection with the Benton HUD Loan, Defendant Master Tenant issued that certain Master Tenant Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "<u>Benton Master Tenant Security Agreement</u>").  A true and correct copy of the Benton Master Tenant Security Agreement is attached hereto as <u>Exhibit NN</u>.

**IX.     Plaintiff Provided a $4,159,500.00 Loan to Owner Defendant Ozark HCC, LLC Secured by a First Priority Lien on Substantially All of Owner Defendant Ozark HCC, LLC's Assets, Operator Defendant Petersen Health Operations, LLC's Assets and Defendant Master Tenant's Assets.**

63.     Pursuant to that certain Healthcare Facility Note dated as of September 1, 2014 (the "Ozark HUD Note"), Plaintiff provided a loan, insured by HUD in the original principal amount of $4,159,500.00 to Owner Defendant Ozark HCC, LLC (the "Ozark HUD Loan"). A true and correct copy of the Ozark HUD Note is attached hereto as Exhibit OO.

64.     In connection with the Ozark HUD Loan, Owner Defendant Ozark HCC, LLC issued that certain Healthcare Deed of Trust, Security Agreement, Assignment of Rents, and Fixture Filing dated as of September 1, 2014 to Plaintiff granting a mortgage on the Ozark Real Property and security interest in assets related thereto (the "Ozark Deed of Trust") to secure the Ozark HUD Loan. A true and correct copy of the Ozark Deet of Trust is attached hereto as Exhibit PP.

65.     In connection with the Ozark HUD Loan, Operator Defendant Petersen Health Operations, LLC issued that certain Operator Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Ozark Operator Security Agreement"). A true and correct copy of the Ozark Operator Security Agreement is attached hereto as Exhibit QQ.

66.     In connection with the Ozark HUD Loan, Operator Defendant Petersen Health Operations, LLC also issued that certain Assignment of Leases and Rents dated September 1, 2014 assigning its rights to all rents and leases from the Ozark Facility to Plaintiff (the "Ozark Assignment of Leases and Rents"). A true and correct copy of the Ozark Assignment of Leases and Rents is attached hereto as Exhibit RR.

16

67.     In connection with the Ozark HUD Loan, Defendant Master Tenant issued that certain Master Tenant Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Ozark Master Tenant Security Agreement").  A true and correct copy of the Ozark Master Tenant Security Agreement is attached hereto as Exhibit SS.

**X.      HUD Loan DACAs and UCC Financing Statements.**

68.     In connection with the Batavia, Timbercreek, Bloomington, Fondulac, Eastside, Cisne, Benton, and Ozark HUD Loans, Operator Defendant Petersen Health Operations, LLC executed that certain Deposit Account Control Agreement dated as of September 24, 2014 providing Plaintiff with control rights over their deposit accounts at CIBC Bank f/k/a The Private Bank (the "Petersen Health Operations Deposit Account Control Agreement").  A true and correct copy of the Petersen Health Operations Deposit Account Control Agreement is attached hereto as Exhibit TT.

69.     In connection with the Sunset HUD Loan, Operator Defendant Petersen Health Junction, LLC executed that certain Deposit Account Control Agreement dated as of September 24, 2014 providing Plaintiff with control rights over its deposit accounts at CIBC Bank f/k/a The Private Bank (the "Petersen Health Junction Deposit Account Control Agreement").  A true and correct copy of the Petersen Health Junction Deposit Account Control Agreement is attached hereto as Exhibit UU.

70.     UCC financing statements were filed against Owner Defendants, Operator Defendants and Master Tenant Defendants with the Illinois Secretary of State and respective counties where the Real Properties owned by Owner Defendants are located reflecting the liens of Plaintiff.  True and correct copies of the recorded financing statements are attached hereto as Group Exhibit VV.

**XI.     Breaches of Loan Agreements.**

71.     Owner Defendants failed to make their required payments under the loan agreements due on December 1, 2023 and January 1, 2024 and are, therefore, in default under their loans agreements with Plaintiff.  Plaintiff declared the entirety of the loans due and payable on January 21, 2024.  True and correct copies of the notices of default are attached hereto as Group Exhibit WW.

72.     Defendants have failed to pay their obligations to Plaintiff and the current collective outstanding balance is in excess of $19,363,527.64 plus additional fees, costs and interest that continue to accrue thereon.

73.     Plaintiff requested information from Defendants with respect to the payment of payroll and provider taxes, payments to vendors, comingling of funds and general cash flow.  A true and correct copy of the demand is attached hereto as Exhibit XX.  As of this filing, the information has not been provided.

**COUNT I – BREACH OF CONTRACT – BATAVIA HUD NOTE**

74.     Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

75.     Pursuant to the Batavia HUD Note, Owner Defendant Batavia, LLC is required to timely make the required payments thereunder.

76.     Owner Defendant Batavia, LLC failed to timely make the required payments thereunder.

77.     As of January 22, 2024, the outstanding balance on the Batavia HUD Loan is $770,037.38, plus additional fees, costs and interest that continue to accrue thereon.

78.    As a proximate result of Owner Defendant Batavia, LLC's breach of its payment obligations under the Batavia HUD Note, Plaintiff has been damaged in an amount not less than $770,037.38, plus additional fees, costs and interest that continue to accrue thereon.

## COUNT II – FORECLOSURE OF THE BATAVIA MORTGAGE

79.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

80.    Owner Defendant Batavia, LLC, Operator Defendant Petersen Health Operations, LLC, Master Tenant, and Defendants Does 1-12 each has or claims to have or may claim to have some interest in or lien upon the Real Property owned by Owner Defendant Batavia, LLC or some part thereof, which interest or lien, if any, is subject and subordinate to the liens provided for in the Batavia Mortgage.

81.    The Batavia Mortgage provides for foreclosure upon an event of default.

82.    Events of default have occurred under the Batavia Mortgage.

83.    The conditions for defeasance contained in the Batavia Mortgage have been broken; Plaintiff has complied with any conditions precedent; and Plaintiff is entitled to have the Batavia Mortgage foreclosed.

84.    The Real Property owned by Owner Defendant Batavia, LLC cannot be sold in parcels without injury to the parties.

85.    The Real Property owned by Owner Defendant Batavia, LLC is used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization.

**COUNT III – UCC LIEN ENFORCEMENT WITH RESPECT TO ASSETS OF OWNER DEFENDANT BATAVIA, LLC AND OPERATOR DEFENDANT PETERSEN HEALTH OPERATIONS, LLC**

86. Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

87. Plaintiff was granted a security interest in all of assets of Owner Defendant Batavia, LLC and Operator Defendant Petersen Health Operations, LLC pursuant to the Batavia Mortgage, the Batavia Operator Security Agreement and the Batavia Assignment of Leases and Rents.

88. Plaintiff properly perfected its security interest in those assets by filing financing statements against Owner Defendant Batavia, LLC and Operator Defendant Petersen Health Operations, LLC, recording the Batavia Mortgage, recording the Batavia Assignment of Leases and Rents and entering into the Petersen Health Operations Deposit Account Control Agreement.

89. Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

90. By virtue of the failure of Owner Defendant Batavia, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Batavia HUD Note, Plaintiff is entitled to have its security interest in all of its assets enforced.

**COUNT IV – UCC LIEN ENFORCEMENT WITH RESPECT TO ASSETS OF MASTER TENANT**

91. Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

92. Plaintiff was granted a security interest in all of assets of Master Tenant pursuant to the Batavia Master Tenant Security Agreement.

93. Plaintiff properly perfected its security interest in those assets by filing financing

statements against Master Tenant.

94.     Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

95.     By virtue of the failure of Owner Defendant Batavia, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Batavia HUD Note, Plaintiff is entitled to have its security interest in all of Master Tenants' assets enforced.

## COUNT V – BREACH OF CONTRACT – TIMBERCREEK HUD NOTE

96.     Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

97.     Pursuant to the Timbercreek HUD Note, Owner Defendant Timbercreek HCC, LLC is required to timely make the required payments thereunder.

98.     Owner Defendant Timbercreek HCC, LLC failed to timely make the required payments thereunder.

99.     As of January 22, 2024, the outstanding balance on the Timbercreek HUD Loan is $3,408,635.78, plus additional fees, costs and interest that continue to accrue thereon.

100.     As a proximate result of Owner Defendant Timbercreek HCC, LLC's breach of its payment obligations under the Timbercreek HUD Note, Plaintiff has been damaged in an amount not less than $3,408,635.78, plus additional fees, costs and interest that continue to accrue thereon.

## COUNT VI – FORECLOSURE OF THE TIMBERCREEK MORTGAGE

101.     Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

102.     Owner Defendant Timbercreek HCC, LLC, Operator Defendant Petersen Health Operations, LLC, Master Tenant, and Defendants Does 1-12 each has or claims to have or may claim to have some interest in or lien upon the Real Property owned by Owner Defendant Timbercreek HCC, LLC or some part thereof, which interest or lien, if any, is subject and subordinate to the liens provided for in the Timbercreek Mortgage.

103.     The Timbercreek Mortgage provides for foreclosure upon an event of default.

104.     Events of default have occurred under the Timbercreek Mortgage.

105.     The conditions for defeasance contained in the Timbercreek Mortgage have been broken; Plaintiff has complied with any conditions precedent; and Plaintiff is entitled to have the Timbercreek Mortgage foreclosed.

106.     The Real Property owned by Owner Defendant Timbercreek HCC, LLC cannot be sold in parcels without injury to the parties.

107.     The Real Property owned by Owner Defendant Timbercreek HCC, LLC is used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization.

**COUNT VII – UCC LIEN ENFORCEMENT WITH RESPECT TO ASSETS OF OWNER DEFENDANT TIMBERCREEK HCC, LLC AND OPERATOR DEFENDANT PETERSEN HEALTH OPERATIONS, LLC**

108.     Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

109.     Plaintiff was granted a security interest in all of assets of Owner Defendant Timbercreek HCC, LLC and Operator Defendant Petersen Health Operations, LLC pursuant to the Timbercreek Mortgage, the Timbercreek Operator Security Agreement and the Timbercreek

22

Assignment of Leases and Rents.

110.     Plaintiff properly perfected its security interest in those assets by filing financing statements against Owner Defendant Timbercreek HCC, LLC and Operator Defendant Petersen Health Operations, LLC, recording the Timbercreek Mortgage, recording the Timbercreek Assignment of Leases and Rents and entering into the Petersen Health Operations Deposit Account Control Agreement.

111.     Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

112.     By virtue of the failure of Owner Defendant Timbercreek HCC, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Timbercreek HUD Note, Plaintiff is entitled to have its security interest in all of its assets enforced.

## COUNT VIII – UCC LIEN ENFORCEMENT WITH RESPECT TO ASSETS OF MASTER TENANT

113.     Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

114.     Plaintiff was granted a security interest in all of assets of Master Tenant pursuant to the Timbercreek Master Tenant Security Agreement.

115.     Plaintiff properly perfected its security interest in those assets by filing financing statements against Master Tenant.

116.     Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

117.     By virtue of the failure of Owner Defendant Timbercreek HCC, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Timbercreek HUD Note,

Plaintiff is entitled to have its security interest in all of Master Tenants' assets enforced.

<u>**COUNT IX – BREACH OF CONTRACT – FONDULAC HUD NOTE**</u>

118.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

119.    Pursuant to the Fondulac HUD Note, Owner Defendant Fondulac, LLC is required to timely make the required payments thereunder.

120.    Owner Defendant Fondulac, LLC failed to timely make the required payments thereunder.

121.    As of January 22, 2024, the outstanding balance on the Fondulac HUD Loan is $1,919,401.75, plus additional fees, costs and interest that continue to accrue thereon.

122.    As a proximate result of Owner Defendant Fondulac, LLC's breach of its payment obligations under the Fondulac HUD Note, Plaintiff has been damaged in an amount not less than $1,919,401.75, plus additional fees, costs and interest that continue to accrue thereon.

<u>**COUNT X – FORECLOSURE OF THE FONDULAC MORTGAGE**</u>

123.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

124.    Owner Defendant Fondulac, LLC, Operator Defendant Petersen Health Operations, LLC, Master Tenant, and Defendants Does 1-12 each has or claims to have or may claim to have some interest in or lien upon the Real Property owned by Owner Defendant Fondulac, LLC or some part thereof, which interest or lien, if any, is subject and subordinate to the liens provided for in the Fondulac Mortgage.

125.    The Fondulac Mortgage provides for foreclosure upon an event of default.

126.     Events of default have occurred under the Fondulac Mortgage.

127.     The conditions for defeasance contained in the Fondulac Mortgage have been broken; Plaintiff has complied with any conditions precedent; and Plaintiff is entitled to have the Fondulac Mortgage foreclosed.

128.     The Real Property owned by Owner Defendant Fondulac, LLC cannot be sold in parcels without injury to the parties.

129.     The Real Property owned by Owner Defendant Fondulac, LLC is used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization.

### COUNT XI – UCC LIEN ENFORCEMENT WITH RESPECT TO ASSETS OF OWNER DEFENDANT FONDULAC, LLC AND OPERATOR DEFENDANT PETERSEN HEALTH OPERATIONS, LLC

130.     Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

131.     Plaintiff was granted a security interest in all of assets of Owner Defendant Fondulac, LLC and Operator Defendant Petersen Health Operations, LLC pursuant to the Fondulac Mortgage, the Fondulac Operator Security Agreement and the Fondulac Assignment of Leases and Rents.

132.     Plaintiff properly perfected its security interest in those assets by filing financing statements against Owner Defendant Fondulac, LLC and Operator Defendant Petersen Health Operations, LLC, recording the Fondulac Mortgage, recording the Fondulac Assignment of Leases and Rents and entering into the Petersen Health Operations Deposit Account Control Agreement.

133.    Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

134.    By virtue of the failure of Owner Defendant Fondulac, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Fondulac HUD Note, Plaintiff is entitled to have its security interest in all of its assets enforced.

## COUNT XII – UCC LIEN ENFORCEMENT WITH RESPECT TO ASSETS OF MASTER TENANT

135.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

136.    Plaintiff was granted a security interest in all of assets of Master Tenant pursuant to the Fondulac Master Tenant Security Agreement.

137.    Plaintiff properly perfected its security interest in those assets by filing financing statements against Master Tenant.

138.    Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

139.    By virtue of the failure of Owner Defendant Fondulac, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Fondulac HUD Note, Plaintiff is entitled to have its security interest in all of Master Tenants' assets enforced.

## COUNT XIII – BREACH OF CONTRACT – BLOOMINGTON HUD NOTE

140.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

141.    Pursuant to the Bloomington HUD Note, Owner Defendant Bloomington, LLC is required to timely make the required payments thereunder.

142. Owner Defendant Bloomington, LLC failed to timely make the required payments thereunder.

143. As of January 22, 2024, the outstanding balance on the Bloomington HUD Loan is $1,384,695.37, plus additional fees, costs and interest that continue to accrue thereon.

144. As a proximate result of Owner Defendant Bloomington, LLC's breach of its payment obligations under the Bloomington HUD Note, Plaintiff has been damaged in an amount not less than $1,384,695.37, plus additional fees, costs and interest that continue to accrue thereon.

## COUNT XIV – FORECLOSURE OF THE BLOOMINGTON MORTGAGE

145. Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

146. Owner Defendant Bloomington, LLC, Operator Defendant Petersen Health Operations, LLC, Master Tenant, and Defendants Does 1-12 each has or claims to have or may claim to have some interest in or lien upon the Real Property owned by Owner Defendant Bloomington, LLC or some part thereof, which interest or lien, if any, is subject and subordinate to the liens provided for in the Bloomington Mortgage.

147. The Bloomington Mortgage provides for foreclosure upon an event of default.

148. Events of default have occurred under the Bloomington Mortgage.

149. The conditions for defeasance contained in the Bloomington Mortgage have been broken; Plaintiff has complied with any conditions precedent; and Plaintiff is entitled to have the Bloomington Mortgage foreclosed.

150. The Real Property owned by Owner Defendant Bloomington, LLC cannot be sold

in parcels without injury to the parties.

151.    The Real Property owned by Owner Defendant Bloomington, LLC is used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization.

### COUNT XV – UCC LIEN ENFORCEMENT WITH RESPECT TO ASSETS OF OWNER DEFENDANT BLOOMINGTON, LLC AND OPERATOR DEFENDANT PETERSEN HEALTH OPERATIONS, LLC

152.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

153.    Plaintiff was granted a security interest in all of assets of Owner Defendant Bloomington, LLC and Operator Defendant Petersen Health Operations, LLC pursuant to the Bloomington Mortgage, the Bloomington Operator Security Agreement and the Bloomington Assignment of Leases and Rents.

154.    Plaintiff properly perfected its security interest in those assets by filing financing statements against Owner Defendant Bloomington, LLC and Operator Defendant Petersen Health Operations, LLC, recording the Bloomington Mortgage, recording the Bloomington Assignment of Leases and Rents and entering into the Petersen Health Operations Deposit Account Control Agreement.

155.    Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

156.    By virtue of the failure of Owner Defendant Bloomington, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Bloomington HUD Note, Plaintiff is entitled to have its security interest in all of its assets enforced.

28

## COUNT XVI – UCC LIEN ENFORCEMENT WITH RESPECT TO ASSETS OF MASTER TENANT

157. Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

158. Plaintiff was granted a security interest in all of assets of Master Tenant pursuant to the Bloomington Master Tenant Security Agreement.

159. Plaintiff properly perfected its security interest in those assets by filing financing statements against Master Tenant.

160. Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

161. By virtue of the failure of Owner Defendant Bloomington, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Bloomington HUD Note, Plaintiff is entitled to have its security interest in all of Master Tenants' assets enforced.

## COUNT XVII – BREACH OF CONTRACT – SUNSET HUD NOTE

162. Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

163. Pursuant to the Sunset HUD Note, Owner Defendant Sunset HCC, LLC is required to timely make the required payments thereunder.

164. Owner Defendant Sunset HCC, LLC failed to timely make the required payments thereunder.

165. As of January 22, 2024, the outstanding balance on the Sunset HUD Loan is $1,929,824.07, plus additional fees, costs and interest that continue to accrue thereon.

166. As a proximate result of Owner Defendant Sunset HCC, LLC's breach of its

payment obligations under the Sunset HUD Note, Plaintiff has been damaged in an amount not less than $1,929,824.07, plus additional fees, costs and interest that continue to accrue thereon.

## COUNT XVIII – FORECLOSURE OF THE SUNSET MORTGAGE

167.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

168.    Owner Defendant Sunset HCC, LLC, Operator Defendant Petersen Health Junction, LLC, Master Tenant, and Defendants Does 1-12 each has or claims to have or may claim to have some interest in or lien upon the Real Property owned by Owner Defendant Sunset HCC, LLC or some part thereof, which interest or lien, if any, is subject and subordinate to the liens provided for in the Sunset Mortgage.

169.    The Sunset Mortgage provides for foreclosure upon an event of default.

170.    Events of default have occurred under the Sunset Mortgage.

171.    The conditions for defeasance contained in the Sunset Mortgage have been broken; Plaintiff has complied with any conditions precedent; and Plaintiff is entitled to have the Sunset Mortgage foreclosed.

172.    The Real Property owned by Owner Defendant Sunset HCC, LLC cannot be sold in parcels without injury to the parties.

173.    The Real Property owned by Owner Defendant Sunset HCC, LLC is used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization.

## COUNT XIX – UCC LIEN ENFORCEMENT WITH RESPECT TO ASSETS OF OWNER DEFENDANT SUNSET HCC, LLC AND OPERATOR DEFENDANT PETERSEN HEALTH JUNCTION, LLC

174. Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

175. Plaintiff was granted a security interest in all of assets of Owner Defendant Sunset HCC, LLC and Operator Defendant Petersen Health Junction, LLC pursuant to the Sunset Mortgage, the Sunset Operator Security Agreement and the Sunset Assignment of Leases and Rents.

176. Plaintiff properly perfected its security interest in those assets by filing financing statements against Owner Defendant Sunset HCC, LLC and Operator Defendant Petersen Health Junction, LLC, recording the Sunset Mortgage, recording the Sunset Assignment of Leases and Rents and entering into the Petersen Health Junction Deposit Account Control Agreement.

177. Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

178. By virtue of the failure of Owner Defendant Sunset HCC, LLC and Operator Defendant Petersen Health Junction, LLC to timely pay the Sunset HUD Note, Plaintiff is entitled to have its security interest in all of its assets enforced.

## COUNT XX – UCC LIEN ENFORCEMENT WITH RESPECT TO ASSETS OF MASTER TENANT

179. Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

180. Plaintiff was granted a security interest in all of assets of Master Tenant pursuant to the Sunset Master Tenant Security Agreement.

31

181.    Plaintiff properly perfected its security interest in those assets by filing financing statements against Master Tenant.

182.    Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

183.    By virtue of the failure of Owner Defendant Sunset HCC, LLC and Operator Defendant Petersen Health Junction, LLC to timely pay the Sunset HUD Note, Plaintiff is entitled to have its security interest in all of Master Tenants' assets enforced.

### COUNT XXI – BREACH OF CONTRACT – EASTSIDE HUD NOTE

184.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

185.    Pursuant to the Eastside HUD Note, Owner Defendant Eastside, LLC is required to timely make the required payments thereunder.

186.    Owner Defendant Eastside, LLC failed to timely make the required payments thereunder.

187.    As of January 22, 2024, the outstanding balance on the Eastside HUD Loan is $4,008,378.74, plus additional fees, costs and interest that continue to accrue thereon.

188.    As a proximate result of Owner Defendant Eastside, LLC's breach of its payment obligations under the Eastside HUD Note, Plaintiff has been damaged in an amount not less than $4,008,378.74, plus additional fees, costs and interest that continue to accrue thereon.

### COUNT XXII – FORECLOSURE OF THE EASTSIDE MORTGAGE

189.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

190.    Owner Defendant Eastside, LLC, Operator Defendant Petersen Health Operations, LLC, Master Tenant, and Defendants Does 1-12 each has or claims to have or may claim to have some interest in or lien upon the Real Property owned by Owner Defendant Eastside, LLC or some part thereof, which interest or lien, if any, is subject and subordinate to the liens provided for in the Eastside Mortgage.

191.    The Eastside Mortgage provides for foreclosure upon an event of default.

192.    Events of default have occurred under the Eastside Mortgage.

193.    The conditions for defeasance contained in the Eastside Mortgage have been broken; Plaintiff has complied with any conditions precedent; and Plaintiff is entitled to have the Eastside Mortgage foreclosed.

194.    The Real Property owned by Owner Defendant Eastside, LLC cannot be sold in parcels without injury to the parties.

195.    The Real Property owned by Owner Defendant Eastside, LLC is used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization.

### COUNT XXIII – UCC LIEN ENFORCEMENT WITH RESPECT TO ASSETS OF OWNER DEFENDANT EASTSIDE, LLC AND OPERATOR DEFENDANT PETERSEN HEALTH OPERATIONS, LLC

196.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

197.    Plaintiff was granted a security interest in all of assets of Owner Defendant Eastside, LLC and Operator Defendant Petersen Health Operations, LLC pursuant to the Eastside Mortgage, the Eastside Operator Security Agreement and the Eastside Assignment of Leases and

Rents.

198.     Plaintiff properly perfected its security interest in those assets by filing financing statements against Owner Defendant Eastside, LLC and Operator Defendant Petersen Health Operations, LLC, recording the Eastside Mortgage, recording the Eastside Assignment of Leases and Rents and entering into the Petersen Health Operations Deposit Account Control Agreement.

199.     Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

200.     By virtue of the failure of Owner Defendant Eastside, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Eastside HUD Note, Plaintiff is entitled to have its security interest in all of its assets enforced.

## COUNT XXIV – UCC LIEN ENFORCEMENT WITH RESPECT TO ASSETS OF MASTER TENANT

201.     Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

202.     Plaintiff was granted a security interest in all of assets of Master Tenant pursuant to the Eastside Master Tenant Security Agreement.

203.     Plaintiff properly perfected its security interest in those assets by filing financing statements against Master Tenant.

204.     Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

205.     By virtue of the failure of Owner Defendant Eastside, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Eastside HUD Note, Plaintiff is entitled to have its security interest in all of Master Tenants' assets enforced.

34

## COUNT XXV – BREACH OF CONTRACT – CISNE HUD NOTE

206.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

207.    Pursuant to the Cisne HUD Note, Owner Defendant Cisne, LLC is required to timely make the required payments thereunder.

208.    Owner Defendant Cisne, LLC failed to timely make the required payments thereunder.

209.    As of January 22, 2024, the outstanding balance on the Cisne HUD Loan is $714,581.82, plus additional fees, costs and interest that continue to accrue thereon.

210.    As a proximate result of Owner Defendant Cisne, LLC's breach of its payment obligations under the Cisne HUD Note, Plaintiff has been damaged in an amount not less than $714,581.82, plus additional fees, costs and interest that continue to accrue thereon.

## COUNT XXVI – FORECLOSURE OF THE CISNE MORTGAGE

211.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

212.    Owner Defendant Cisne, LLC, Operator Defendant Petersen Health Operations, LLC, Master Tenant, and Defendants Does 1-12 each has or claims to have or may claim to have some interest in or lien upon the Real Property owned by Owner Defendant Cisne, LLC or some part thereof, which interest or lien, if any, is subject and subordinate to the liens provided for in the Cisne Mortgage.

213.    The Cisne Mortgage provides for foreclosure upon an event of default.

214.    Events of default have occurred under the Cisne Mortgage.

35

215.     The conditions for defeasance contained in the Cisne Mortgage have been broken; Plaintiff has complied with any conditions precedent; and Plaintiff is entitled to have the Cisne Mortgage foreclosed.

216.     The Real Property owned by Owner Defendant Cisne, LLC cannot be sold in parcels without injury to the parties.

217.     The Real Property owned by Owner Defendant Cisne, LLC is used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization.

## COUNT XXVII – UCC LIEN ENFORCEMENT WITH RESPECT TO ASSETS OF OWNER DEFENDANT CISNE, LLC AND OPERATOR DEFENDANT PETERSEN HEALTH OPERATIONS, LLC

218.     Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

219.     Plaintiff was granted a security interest in all of assets of Owner Defendant Cisne, LLC and Operator Defendant Petersen Health Operations, LLC pursuant to the Cisne Mortgage, the Cisne Operator Security Agreement and the Cisne Assignment of Leases and Rents.

220.     Plaintiff properly perfected its security interest in those assets by filing financing statements against Owner Defendant Cisne, LLC and Operator Defendant Petersen Health Operations, LLC, recording the Cisne Mortgage, recording the Cisne Assignment of Leases and Rents and entering into the Petersen Health Operations Deposit Account Control Agreement.

221.     Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

222.     By virtue of the failure of Owner Defendant Cisne, LLC and Operator Defendant

Petersen Health Operations, LLC to timely pay the Cisne HUD Note, Plaintiff is entitled to have its security interest in all of its assets enforced.

## COUNT XXVIII – UCC LIEN ENFORCEMENT WITH RESPECT TO ASSETS OF MASTER TENANT

223.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

224.    Plaintiff was granted a security interest in all of assets of Master Tenant pursuant to the Cisne Master Tenant Security Agreement.

225.    Plaintiff properly perfected its security interest in those assets by filing financing statements against Master Tenant.

226.    Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

227.    By virtue of the failure of Owner Defendant Cisne, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Cisne HUD Note, Plaintiff is entitled to have its security interest in all of Master Tenants' assets enforced.

## COUNT XXIX – BREACH OF CONTRACT – BENTON HUD NOTE

228.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

229.    Pursuant to the Benton HUD Note, Owner Defendant Benton HCC, LLC is required to timely make the required payments thereunder.

230.    Owner Defendant Benton HCC, LLC failed to timely make the required payments thereunder.

231.    As of January 22, 2024, the outstanding balance on the Benton HUD Loan is

$1,870,114.58, plus additional fees, costs and interest that continue to accrue thereon.

232.    As a proximate result of Owner Defendant Benton HCC, LLC's breach of its payment obligations under the Benton HUD Note, Plaintiff has been damaged in an amount not less than $1,870,114.58, plus additional fees, costs and interest that continue to accrue thereon.

## COUNT XXX – FORECLOSURE OF THE BENTON MORTGAGE

233.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

234.    Owner Defendant Benton HCC, LLC, Operator Defendant Petersen Health Operations, LLC, Master Tenant, and Defendants Does 1-12 each has or claims to have or may claim to have some interest in or lien upon the Real Property owned by Owner Defendant Benton HCC, LLC or some part thereof, which interest or lien, if any, is subject and subordinate to the liens provided for in the Benton Mortgage.

235.    The Benton Mortgage provides for foreclosure upon an event of default.

236.    Events of default have occurred under the Benton Mortgage.

237.    The conditions for defeasance contained in the Benton Mortgage have been broken; Plaintiff has complied with any conditions precedent; and Plaintiff is entitled to have the Benton Mortgage foreclosed.

238.    The Real Property owned by Owner Defendant Benton HCC, LLC cannot be sold in parcels without injury to the parties.

239.    The Real Property owned by Owner Defendant Benton HCC, LLC is used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization.

## COUNT XXXI – UCC LIEN ENFORCEMENT WITH RESPECT TO ASSETS OF OWNER DEFENDANT BENTON HCC, LLC AND OPERATOR DEFENDANT PETERSEN HEALTH OPERATIONS, LLC

240.   Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

241.   Plaintiff was granted a security interest in all of assets of Owner Defendant Benton HCC, LLC and Operator Defendant Petersen Health Operations, LLC pursuant to the Benton Mortgage, the Benton Operator Security Agreement and the Benton Assignment of Leases and Rents.

242.   Plaintiff properly perfected its security interest in those assets by filing financing statements against Owner Defendant Benton HCC, LLC and Operator Defendant Petersen Health Operations, LLC, recording the Benton Mortgage, recording the Benton Assignment of Leases and Rents and entering into the Petersen Health Operations Deposit Account Control Agreement.

243.   Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

244.   By virtue of the failure of Owner Defendant Benton HCC, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Benton HUD Note, Plaintiff is entitled to have its security interest in all of its assets enforced.

## COUNT XXXII – UCC LIEN ENFORCEMENT WITH RESPECT TO ASSETS OF MASTER TENANT

245.   Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

246.   Plaintiff was granted a security interest in all of assets of Master Tenant pursuant to the Benton Master Tenant Security Agreement.

39

247. Plaintiff properly perfected its security interest in those assets by filing financing statements against Master Tenant.

248. Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

249. By virtue of the failure of Owner Defendant Benton HCC, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Benton HUD Note, Plaintiff is entitled to have its security interest in all of Master Tenants' assets enforced.

## COUNT XXXIII – BREACH OF CONTRACT – OZARK HUD NOTE

250. Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

251. Pursuant to the Ozark HUD Note, Owner Defendant Ozark HCC, LLC is required to timely make the required payments thereunder.

252. Owner Defendant Ozark HCC, LLC failed to timely make the required payments thereunder.

253. As of January 22, 2024, the outstanding balance on the Ozark HUD Loan is $3,357,858.15, plus additional fees, costs and interest that continue to accrue thereon.

254. As a proximate result of Owner Defendant Ozark HCC, LLC's breach of its payment obligations under the Ozark HUD Note, Plaintiff has been damaged in an amount not less than $3,357,858.15, plus additional fees, costs and interest that continue to accrue thereon.

## COUNT XXXIV – FORECLOSURE OF THE OZARK DEED OF TRUST

255. Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

256.    Owner Defendant Ozark HCC, LLC, Operator Defendant Petersen Health Operations, LLC, Master Tenant, and Defendants Does 1-12 each has or claims to have or may claim to have some interest in or lien upon the Real Property owned by Owner Defendant Ozark HCC, LLC or some part thereof, which interest or lien, if any, is subject and subordinate to the liens provided for in the Ozark Deed of Trust.

257.    The Ozark Deed of Trust provides for foreclosure upon an event of default.

258.    Events of default have occurred under the Ozark Deed of Trust.

259.    The conditions for defeasance contained in the Ozark Deed of Trust have been broken; Plaintiff has complied with any conditions precedent; and Plaintiff is entitled to have the Ozark Deed of Trust foreclosed.

260.    The Real Property owned by Owner Defendant Ozark HCC, LLC cannot be sold in parcels without injury to the parties.

261.    The Real Property owned by Owner Defendant Ozark HCC, LLC is used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization.

### COUNT XXXV – UCC LIEN ENFORCEMENT WITH RESPECT TO ASSETS OF OWNER DEFENDANT OZARK HCC, LLC AND OPERATOR DEFENDANT PETERSEN HEALTH OPERATIONS, LLC

262.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

263.    Plaintiff was granted a security interest in all of assets of Owner Defendant Ozark HCC, LLC and Operator Defendant Petersen Health Operations, LLC pursuant to the Ozark Deed of Trust, the Ozark Operator Security Agreement and the Ozark Assignment of Leases and Rents.

41

264. Plaintiff properly perfected its security interest in those assets by filing financing statements against Owner Defendant Ozark HCC, LLC and Operator Defendant Petersen Health Operations, LLC, recording the Ozark Deed of Trust, recording the Ozark Assignment of Leases and Rents and entering into the Petersen Health Operations Deposit Account Control Agreement.

265. Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

266. By virtue of the failure of Owner Defendant Ozark HCC, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Ozark HUD Note, Plaintiff is entitled to have its security interest in all of its assets enforced.

## COUNT XXXVI – UCC LIEN ENFORCEMENT WITH RESPECT TO ASSETS OF MASTER TENANT

267. Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

268. Plaintiff was granted a security interest in all of assets of Master Tenant pursuant to the Ozark Master Tenant Security Agreement.

269. Plaintiff properly perfected its security interest in those assets by filing financing statements against Master Tenant.

270. Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

271. By virtue of the failure of Owner Defendant Ozark HCC, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Ozark HUD Note, Plaintiff is entitled to have its security interest in all of Master Tenants' assets enforced.

WHEREFORE, Plaintiff respectfully requests judgment be entered in its favor and against Defendants, and that this Court grant Plaintiff the following relief:

(a)　　enter judgment on Count I with respect to the Batavia HUD Note in Plaintiff's favor, in an amount not less than $770,037.38, plus all pre-judgment and post-judgment interest, fees and costs, and such other relief as the Court deems equitable and just; and

(b)　　enter judgment on Count II in Plaintiff's favor adjudging a good, valid and subsisting first and best lien against the Real Property owned by Owner Defendant Batavia, LLC by and in favor of Plaintiff, subject only to real estate taxes and assessments on the Real Property owned by Owner Defendant Batavia, LLC, and adjudging that the Batavia Mortgage be foreclosed; that all liens be marshaled; that the equity of redemption of all Defendants be forever cut off and barred; that the Real Property owned by Owner Defendant Batavia, LLC be sold in accordance with the law and the orders of this Court; that all Defendants be required to set forth any claim, lien, or interest that he, she, or it may have or claim to have in or on the Real Property owned by Owner Defendant Batavia, LLC or be forever barred therefrom; that upon the sale of Real Property owned by Owner Defendant Batavia, LLC, the proceeds therefrom be paid to Plaintiff to satisfy the amount it is owed under the Batavia HUD Note, including, but not limited to, any interest due thereon, together with applicable late charges, advancements, disbursements, and costs expended herein; and that the balance of the sale proceeds, if any, be applied to the payment amounts of other claimants in this proceeding in such order of priority as is determined by this Court; and

(c)     enter judgment on the Count III in Plaintiff's favor enforcing Plaintiff's security interest against assets of Owner Defendant Batavia, LLC and Operator Defendant Petersen Health Operations, LLC; and

(d)     enter judgment on the Count IV in Plaintiff's favor enforcing Plaintiff's security interest against assets of Master Tenant with respect to the Batavia HUD Loan; and

(e)     enter judgment on Count V with respect to the Timbercreek HUD Note in Plaintiff's favor, in an amount not less than $3,408,635.78, plus all pre-judgment and post-judgment interest, fees and costs, and such other relief as the Court deems equitable and just; and

(f)     enter judgment on Count VI in Plaintiff's favor adjudging a good, valid and subsisting first and best lien against the Real Property owned by Owner Defendant Timbercreek HCC, LLC by and in favor of Plaintiff, subject only to real estate taxes and assessments on the Real Property owned by Owner Defendant Timbercreek HCC, LLC, and adjudging that the Timbercreek Mortgage be foreclosed; that all liens be marshaled; that the equity of redemption of all Defendants be forever cut off and barred; that the Real Property owned by Owner Defendant Timbercreek HCC, LLC be sold in accordance with the law and the orders of this Court; that all Defendants be required to set forth any claim, lien, or interest that he, she, or it may have or claim to have in or on the Real Property owned by Owner Defendant Timbercreek HCC, LLC or be forever barred therefrom; that upon the sale of Real Property owned by Owner Defendant Timbercreek HCC, LLC, the proceeds therefrom be paid to Plaintiff to satisfy the amount it is owed under the Timbercreek HUD Note, including, but not limited to, any interest due thereon, together with applicable late charges, advancements, disbursements, and costs expended herein; and that the balance of the sale proceeds, if any, be applied to the payment

amounts of other claimants in this proceeding in such order of priority as is determined by this Court; and

(g)     enter judgment on the Count VII in Plaintiff's favor enforcing Plaintiff's security interest against assets of Owner Defendant Timbercreek HCC, LLC and Operator Defendant Petersen Health Operations, LLC; and

(h)     enter judgment on the Count VIII in Plaintiff's favor enforcing Plaintiff's security interest against assets of Master Tenant with respect to the Timbercreek HUD Loan; and

(i)     enter judgment on Count IX with respect to the Fondulac HUD Note in Plaintiff's favor, in an amount not less than $1,919,401.75, plus all pre-judgment and post-judgment interest, fees and costs, and such other relief as the Court deems equitable and just; and

(j)     enter judgment on Count X in Plaintiff's favor adjudging a good, valid and subsisting first and best lien against the Real Property owned by Owner Defendant Fondulac, LLC by and in favor of Plaintiff, subject only to real estate taxes and assessments on the Real Property owned by Owner Defendant Fondulac, LLC, and adjudging that the Fondulac Mortgage be foreclosed; that all liens be marshaled; that the equity of redemption of all Defendants be forever cut off and barred; that the Real Property owned by Owner Defendant Fondulac, LLC be sold in accordance with the law and the orders of this Court; that all Defendants be required to set forth any claim, lien, or interest that he, she, or it may have or claim to have in or on the Real Property owned by Owner Defendant Fondulac, LLC or be forever barred therefrom; that upon the sale of Real Property owned by Owner Defendant Fondulac, LLC, the proceeds therefrom be paid to Plaintiff to satisfy the amount it is owed under the Fondulac HUD Note, including, but not limited to, any interest due thereon, together with applicable late charges, advancements,

disbursements, and costs expended herein; and that the balance of the sale proceeds, if any, be applied to the payment amounts of other claimants in this proceeding in such order of priority as is determined by this Court; and

(k)     enter judgment on the Count XI in Plaintiff's favor enforcing Plaintiff's security interest against assets of Owner Defendant Fondulac, LLC and Operator Defendant Petersen Health Operations, LLC; and

(l)     enter judgment on the Count XII in Plaintiff's favor enforcing Plaintiff's security interest against assets of Master Tenant with respect to the Fondulac HUD Loan; and

(m)     enter judgment on Count XIII with respect to the Bloomington HUD Note in Plaintiff's favor, in an amount not less than $1,384,695.37, plus all pre-judgment and post-judgment interest, fees and costs, and such other relief as the Court deems equitable and just; and

(n)     enter judgment on Count XIV in Plaintiff's favor adjudging a good, valid and subsisting first and best lien against the Real Property owned by Owner Defendant Bloomington, LLC by and in favor of Plaintiff, subject only to real estate taxes and assessments on the Real Property owned by Owner Defendant Bloomington, LLC, and adjudging that the Bloomington Mortgage be foreclosed; that all liens be marshaled; that the equity of redemption of all Defendants be forever cut off and barred; that the Real Property owned by Owner Defendant Bloomington, LLC be sold in accordance with the law and the orders of this Court; that all Defendants be required to set forth any claim, lien, or interest that he, she, or it may have or claim to have in or on the Real Property owned by Owner Defendant Bloomington, LLC or be forever barred therefrom; that upon the sale of Real Property owned by Owner Defendant Bloomington, LLC, the proceeds therefrom be paid to Plaintiff to satisfy the amount it is owed

under the Bloomington HUD Note, including, but not limited to, any interest due thereon, together with applicable late charges, advancements, disbursements, and costs expended herein; and that the balance of the sale proceeds, if any, be applied to the payment amounts of other claimants in this proceeding in such order of priority as is determined by this Court; and

(o)     enter judgment on the Count XV in Plaintiff's favor enforcing Plaintiff's security interest against assets of Owner Defendant Bloomington, LLC and Operator Defendant Petersen Health Operations, LLC; and

(p)     enter judgment on the Count XVI in Plaintiff's favor enforcing Plaintiff's security interest against assets of Master Tenant with respect to the Bloomington HUD Loan; and

(q)     enter judgment on Count XVII with respect to the Sunset HUD Note in Plaintiff's favor, in an amount not less than $1,929,824.07, plus all pre-judgment and post-judgment interest, fees and costs, and such other relief as the Court deems equitable and just; and

(r)     enter judgment on Count XVIII in Plaintiff's favor adjudging a good, valid and subsisting first and best lien against the Real Property owned by Owner Defendant Sunset HCC, LLC by and in favor of Plaintiff, subject only to real estate taxes and assessments on the Real Property owned by Owner Defendant Sunset HCC, LLC, and adjudging that the Sunset Mortgage be foreclosed; that all liens be marshaled; that the equity of redemption of all Defendants be forever cut off and barred; that the Real Property owned by Owner Defendant Sunset HCC, LLC be sold in accordance with the law and the orders of this Court; that all Defendants be required to set forth any claim, lien, or interest that he, she, or it may have or claim to have in or on the Real Property owned by Owner Defendant Sunset HCC, LLC or be forever barred therefrom; that upon the sale of Real Property owned by Owner Defendant Sunset

47

HCC, LLC, the proceeds therefrom be paid to Plaintiff to satisfy the amount it is owed under the Sunset HUD Note, including, but not limited to, any interest due thereon, together with applicable late charges, advancements, disbursements, and costs expended herein; and that the balance of the sale proceeds, if any, be applied to the payment amounts of other claimants in this proceeding in such order of priority as is determined by this Court; and

(s)     enter judgment on the Count XIX in Plaintiff's favor enforcing Plaintiff's security interest against assets of Owner Defendant Sunset HCC, LLC and Operator Defendant Petersen Health Junction, LLC; and

(t)     enter judgment on the Count XX in Plaintiff's favor enforcing Plaintiff's security interest against assets of Master Tenant with respect to the Sunset HUD Loan; and

(u)     enter judgment on Count XXI with respect to the Eastside HUD Note in Plaintiff's favor, in an amount not less than $4,008,378.74, plus all pre-judgment and post-judgment interest, fees and costs, and such other relief as the Court deems equitable and just; and

(v)     enter judgment on Count XXII in Plaintiff's favor adjudging a good, valid and subsisting first and best lien against the Real Property owned by Owner Defendant Eastside, LLC by and in favor of Plaintiff, subject only to real estate taxes and assessments on the Real Property owned by Owner Defendant Eastside, LLC, and adjudging that the Eastside Mortgage be foreclosed; that all liens be marshaled; that the equity of redemption of all Defendants be forever cut off and barred; that the Real Property owned by Owner Defendant Eastside, LLC be sold in accordance with the law and the orders of this Court; that all Defendants be required to set forth any claim, lien, or interest that he, she, or it may have or claim to have in or on the Real Property owned by Owner Defendant Eastside, LLC or be forever barred therefrom; that upon

48

the sale of Real Property owned by Owner Defendant Eastside, LLC, the proceeds therefrom be paid to Plaintiff to satisfy the amount it is owed under the Eastside HUD Note, including, but not limited to, any interest due thereon, together with applicable late charges, advancements, disbursements, and costs expended herein; and that the balance of the sale proceeds, if any, be applied to the payment amounts of other claimants in this proceeding in such order of priority as is determined by this Court; and

(w)     enter judgment on the Count XXIII in Plaintiff's favor enforcing Plaintiff's security interest against assets of Owner Defendant Eastside, LLC and Operator Defendant Petersen Health Operations, LLC; and

(x)     enter judgment on the Count XXIV in Plaintiff's favor enforcing Plaintiff's security interest against assets of Master Tenant with respect to the Eastside HUD Loan; and

(y)     enter judgment on Count XXV with respect to the Cisne HUD Note in Plaintiff's favor, in an amount not less than $714,581.82, plus all pre-judgment and post-judgment interest, fees and costs, and such other relief as the Court deems equitable and just; and

(z)     enter judgment on Count XXVI in Plaintiff's favor adjudging a good, valid and subsisting first and best lien against the Real Property owned by Owner Defendant Cisne, LLC by and in favor of Plaintiff, subject only to real estate taxes and assessments on the Real Property owned by Owner Defendant Cisne, LLC, and adjudging that the Cisne Mortgage be foreclosed; that all liens be marshaled; that the equity of redemption of all Defendants be forever cut off and barred; that the Real Property owned by Owner Defendant Cisne, LLC be sold in accordance with the law and the orders of this Court; that all Defendants be required to set forth any claim, lien, or interest that he, she, or it may have or claim to have in or on the Real Property owned by

Owner Defendant Cisne, LLC or be forever barred therefrom; that upon the sale of Real Property owned by Owner Defendant Cisne, LLC, the proceeds therefrom be paid to Plaintiff to satisfy the amount it is owed under the Cisne HUD Note, including, but not limited to, any interest due thereon, together with applicable late charges, advancements, disbursements, and costs expended herein; and that the balance of the sale proceeds, if any, be applied to the payment amounts of other claimants in this proceeding in such order of priority as is determined by this Court; and

(aa) enter judgment on the Count XXVII in Plaintiff's favor enforcing Plaintiff's security interest against assets of Owner Defendant Cisne, LLC and Operator Defendant Petersen Health Operations, LLC; and

(bb) enter judgment on the Count XXVIII in Plaintiff's favor enforcing Plaintiff's security interest against assets of Master Tenant with respect to the Cisne HUD Loan; and

(cc) enter judgment on Count XXIX with respect to the Benton HUD Note in Plaintiff's favor, in an amount not less than $1,870,114.58, plus all pre-judgment and post-judgment interest, fees and costs, and such other relief as the Court deems equitable and just; and

(dd) enter judgment on Count XXX in Plaintiff's favor adjudging a good, valid and subsisting first and best lien against the Real Property owned by Owner Defendant Benton HCC, LLC by and in favor of Plaintiff, subject only to real estate taxes and assessments on the Real Property owned by Owner Defendant Benton HCC, LLC, and adjudging that the Benton Mortgage be foreclosed; that all liens be marshaled; that the equity of redemption of all Defendants be forever cut off and barred; that the Real Property owned by Owner Defendant Benton HCC, LLC be sold in accordance with the law and the orders of this Court; that all Defendants be required to set forth any claim, lien, or interest that he, she, or it may have or

claim to have in or on the Real Property owned by Owner Defendant Benton HCC, LLC or be forever barred therefrom; that upon the sale of Real Property owned by Owner Defendant Benton HCC, LLC, the proceeds therefrom be paid to Plaintiff to satisfy the amount it is owed under the Benton HUD Note, including, but not limited to, any interest due thereon, together with applicable late charges, advancements, disbursements, and costs expended herein; and that the balance of the sale proceeds, if any, be applied to the payment amounts of other claimants in this proceeding in such order of priority as is determined by this Court; and

(ee)    enter judgment on the Count XXXI in Plaintiff's favor enforcing Plaintiff's security interest against assets of Owner Defendant Benton HCC, LLC and Operator Defendant Petersen Health Operations, LLC; and

(ff)    enter judgment on the Count XXXII in Plaintiff's favor enforcing Plaintiff's security interest against assets of Master Tenant with respect to the Benton HUD Loan; and

(gg)    enter judgment on Count XXXIII with respect to the Ozark HUD Note in Plaintiff's favor, in an amount not less than $3,357,858.15, plus all pre-judgment and post-judgment interest, fees and costs, and such other relief as the Court deems equitable and just; and

(hh)    enter judgment on Count XXXIV in Plaintiff's favor adjudging a good, valid and subsisting first and best lien against the Real Property owned by Owner Defendant Ozark HCC, LLC by and in favor of Plaintiff, subject only to real estate taxes and assessments on the Real Property owned by Owner Defendant Ozark HCC, LLC, and adjudging that the Ozark Deed of Trust be foreclosed; that all liens be marshaled; that the equity of redemption of all Defendants be forever cut off and barred; that the Real Property owned by Owner Defendant Ozark HCC, LLC be sold in accordance with the law and the orders of this Court; that all Defendants be

required to set forth any claim, lien, or interest that he, she, or it may have or claim to have in or on the Real Property owned by Owner Defendant Ozark HCC, LLC or be forever barred therefrom; that upon the sale of Real Property owned by Owner Defendant Ozark HCC, LLC, the proceeds therefrom be paid to Plaintiff to satisfy the amount it is owed under the Ozark HUD Note, including, but not limited to, any interest due thereon, together with applicable late charges, advancements, disbursements, and costs expended herein; and that the balance of the sale proceeds, if any, be applied to the payment amounts of other claimants in this proceeding in such order of priority as is determined by this Court; and

(ii)     enter judgment on the Count XXXV in Plaintiff's favor enforcing Plaintiff's security interest against assets of Owner Defendant Ozark HCC, LLC and Operator Defendant Petersen Health Operations, LLC; and

(jj)     enter judgment on the Count XXXVI in Plaintiff's favor enforcing Plaintiff's security interest against assets of Master Tenant with respect to the Ozark HUD Loan.

[Signatures on Following Page]

Dated: January 31, 2024          Respectfully submitted,

*/s/ Kenneth J. Ottaviano*
Kenneth J. Ottaviano
Ken.Ottaviano@blankrome.com
Paige B. Tinkham
Paige.Tinkham@blankrome.com
BLANK ROME LLP
444 West Lake Street, Suite 1650
Chicago, Illinois 60606
Tel: 312.776.2500

*Counsel for Plaintiff*

## **VERIFICATION**

I, Jennifer Loucks, as Director of HUD Asset Management/Controller of Capital Funding, LLC certify that the statements contained in the foregoing Complaint are true based upon my personal knowledge and my review of the relevant documents of Capital Funding, LLC.

Signed under the pains and penalties of perjury this 31 day of January, 2024.

*[signature: Jennifer Loucks]*

State of _Maryland_

County/City of _Baltimore_

On this 31st day of January 2024, before me, the undersigned Notary Public, personally appeared _Jennifer Loucks_ , proved to me through satisfactory evidence of identification which was photographic identification with signature issued by a federal or state governmental agency, oath or affirmation of a credible witness, personal knowledge of the undersigned, to be the person whose name is signed on the attached document, and acknowledged to me that he signed it voluntarily for its stated purpose.

*[signature: Judith Natalie Martinek]*
Judith Natalie Martinek, Notary Public

My commission expires: 1/10/2026

JUDITH NATALIE MARTINEK
Notary Public - State of Maryland
Baltimore County
My Commission Expires Jan 10, 2026