IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAPITAL FUNDING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BATAVIA, LLC, *et al*. <br><br> Defendants. | Case No. 1:24-cv-00888 <br><br> Judge _____ |

**DECLARATION OF JENNIFER LOUCKS IN SUPPORT OF
PLAINTIFF'S EMERGENCY MOTION FOR APPOINTMENT OF RECEIVER**

I, Jennifer Loucks, declare as follows:

1. I am employed by Capital Funding, LLC ("Plaintiff") and currently serve in the capacity as Director of HUD Asset Management/Controller. I have the primary responsibility for supervising the loan accounts of defendants Batavia, LLC; Timbercreek HCC, LLC; Fondulac, LLC; Bloomington, LLC; Sunset HCC, LLC; Eastside, LLC; Cisne, LLC; Benton HCC, LLC; Ozark HCC, LLC; Petersen Health Junction, LLC; Petersen Health Operations, LLC; and Petersen MT2, LLC (collectively, "Defendants"). As such, I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto.

2. As part of my duties, I am familiar with Plaintiff's relationship with Defendants with respect to their loan agreements with Plaintiff. I am familiar with the loan documents, which are the subject of this action, as well as with the current status of Defendants' loan accounts with Plaintiff.

3. I have supervision and control of Plaintiff's files as they relate to Defendants' obligations to Plaintiff. The records and documents referred to in this Declaration, both physical

and digital, constitute writings taken, made or received, and maintained in the regular or ordinary course of Plaintiff's business activity at or near the time of the act, condition or event to which they relate by persons employed by Plaintiff who have a business duty to Plaintiff to take, make or receive, and maintain, accurately and completely, such records and documents and preserve them. These employees obtain the information contained in Plaintiff's records either from personal knowledge and observation, or from persons employed by Plaintiff with personal knowledge of the acts and events recorded therein. Plaintiff operates in reliance on these procedures.

      4.      In the ordinary course of its business, Plaintiff maintains a record of all contracts and agreements to which they are a party, including all loan agreements, promissory notes, security agreements, and related documents, originated by Plaintiff, as with the subject loan agreements, promissory notes, security agreements and related documents and instruments that form the basis of this action. With regard to Plaintiff's files during the relevant time period, Plaintiff's files include a written record of all sums that were loaned or advanced to Defendants as it pertains to the subject obligations, payments made by Defendants on account, interest and charges, and of the balances owing. This information is maintained by and retrieved from computers that are programmed for the above purposes. Plaintiff creates a computerized account that includes the applicable loan balances and its computers are programmed to automatically update the account on a daily basis to reflect accrued interest and other fees and charges as provided for in the subject loan documents. As additional disbursements are made or payments received, authorized personnel of Plaintiff input this information into the computerized database in the ordinary course of business at or near the date the payment or disbursement is received or made. The accounts for

Defendants were maintained in this fashion. Plaintiff operates in reliance on this procedure and the accuracy of the written records generated thereby.

5. As of the date this Declaration was executed, I have reviewed Plaintiff's books, records, files and accounting ledgers as they pertain to the loans made to Defendants. Based on my personal review of Plaintiff's files, I have become familiar with the loan agreement, promissory note, deed of trust, guaranty and related documents and instruments between Plaintiff and Defendants, as well as, the events of default under the subject agreements, as described below. Based on my review, my familiarity with Plaintiff's practices and procedures relating to the creation and maintenance of its business records, and my knowledge of the transactions at issue, I know the facts stated in this Declaration to be true, except those stated on information and belief.

6. In the fall of 2023, defendants were subject to a ransomware attack that caused them to lose access to their billing systems for a number of facilities. Defendants failed to inform Plaintiff until months later (December 2023) and claimed that their finances had been crippled by the attack. A true and correct copy of the correspondence from Defendants to Plaintiff with respect thereto is attached hereto as Exhibit I.

7. Since that time, Defendants' (and their affiliates) failed to pay their required insurance payments resulting in no current GLPL insurance for their operations. The insurance was cancelled in December 2023, retroactive to January 2023 and Defendants have been unable to place insurance since that time. Defendants have advised Plaintiff that they have limited cash flow and that while they intend to file for bankruptcy, they are unable to do so because they do not have, and cannot secure, insurance.

8. Plaintiff requested information from Defendants with respect to the payment of payroll and provider taxes, payments to vendors, comingling of funds and general cash flow. A

true and correct copy of Plaintiff's demand is attached hereto as Exhibit II. As of this filing, the information has not been provided.

9. Plaintiff further engaged the same consultant engaged in the sister case to review Defendants' books and records with respect to the Facilities. Consultant re-requested the information from Defendants. A true and correct copy of Plaintiff's consultant's demand is attached hereto as Exhibit III.

10. Defendants' consultant responded to Plaintiff that they did not have the bandwidth to provide the requested information. A true and correct copy of the response from Defendants' consultant is attached hereto as Exhibit IV.

Dated: January 31, 2024

Jennifer Loucks