**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **In re** | |
| **CAPITAL FUNDING, LLC,** | Case No. 1:24-cv-00888 |
| **Plaintiff,** | Hon. Thomas Durkin |
| **v.** | |
| **BATAVIA, LLC,** *et al.* | |
| **Debtors.** | |

**ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S VERIFIED COMPLAINT**

Defendants Batavia, LLC, Timbercreek HCC, LLC, Fondulac, LLC, Bloomington, LLC, Sunset HCC, LLC, Eastside, LLC, Cisne, LLC, Benton HCC, LLC, Ozark HCC, LLC, Petersen Health Junction, LLC, Petersen Health Operations, LLC, and Petersen MT2, LLC ( "<u>Defendants</u>" and each a "<u>Defendant</u>"), by and through its attorneys, hereby answers Plaintiff's Verified Complaint filed on January 31, 2024 [ECF No. 01], in the Northern District of Illinois, Eastern Division (the "<u>Verified Complaint</u>")[1], as follows:

**<u>ANSWER</u>**

Unless expressly admitted, all allegations against the Defendant are denied. The numbered paragraphs and additional footnotes referenced below correspond to the numbered paragraphs and footnotes in the Verified Complaint. Further, this Answer for organization purposes uses the same

---

[1] Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the Verified Complaint.

headings as the Verified Complaint, but to the extent that any heading is construed as a factual allegation, the allegation is entirely denied.

## AS TO "NATURE OF THE CASE"

1.      Defendants Batavia, LLC; Timbercreek HCC, LLC; Fondulac, LLC; Bloomington, LLC; Sunset HCC, LLC; Eastside, LLC; Cisne, LLC; Benton HCC, LLC; and Ozark HCC, LLC (collectively, "Owner Defendants" and each an "Owner Defendant") are owners of real property on which Defendants Petersen Health Junction, LLC and Petersen Health Operations, LLC (together, "Operator Defendants" and each an "Operator Defendant") operate skilled nursing and independent care facilities in Illinois.  Defendant Petersen MT2, LLC is the master tenant ("Master Tenant Defendant") for the lease of the real properties from Owner Defendants to Operator Defendants.

**ANSWER:**  Defendants admit that certain of the Owner Defendants are owners of real property on which the Operator Defendants operate skilled nursing and independent care facilities in Illinois.  Defendants admit that the Master Tenant Defendant is the master tenant for the lease of the real properties from certain or all of the Owner Defendants to the Operator Defendants.

2.      Plaintiff is Defendants' senior secured creditor with a first-priority security interest in and lien on substantially all of Defendants' assets. Owner Defendants are in default under their loan agreements with Plaintiff with a current outstanding balance in excess of $19,363,527.64.

**ANSWER:**  Defendants admit that the terms of governing loan documents provide Plaintiff with a first-priority security interest and lien on substantially all of Defendant's assets, as and to the extent set forth in the loan documents evidencing Plaintiff's loan(s) to the Defendants. Defendant admits that Owner Defendants have missed payments due to Plaintiff which have

resulted in an outstanding balance owing. Defendants deny all other allegations contained in Paragraph 2 of the Verified Complaint, including the allegation that the outstanding balance in excess of $19,363,527.64.

3.      This is an action for breach of contract, foreclosure and enforcement of security interests.

**ANSWER:** Defendants admit that the Plaintiff, through this action, purport to bring claims against Defendants for alleged breach of contract, foreclosure and enforcement of alleged security interests. To the extent a response is required, the Defendants deny any purported liability and any allegations in Paragraph 3 in their entirety.

## AS TO THE "PARTIES"

4.      Plaintiff a Maryland limited liability company, with its principal office located at 1422 Clarkview Road, Baltimore, MD 21209. The sole member of Plaintiff is CFG Bank, a Maryland state-chartered bank. CFG Bank's principal place of business is located at 1422 Clarkview Road, Baltimore, MD 21209.

**ANSWER:** Defendants lack sufficient information to admit or deny the allegations of Paragraph 4, and therefore deny each of the allegations of Paragraph 4.

5.      Each Owner Defendant and Operator Defendant is an Illinois limited liability company.

**ANSWER:** Upon information and belief, the Defendants admit the allegations contained in Paragraph 5.

6.      The sole member of Owner Defendants is Petersen Health Care III, LLC. The sole member of Petersen Health Care III, LLC is Mark Petersen, an Illinois resident and citizen of the United States of America.

**ANSWER:** Upon information and belief, the Defendants admit the allegations contained in Paragraph 6.

7.     The members of Operator Defendant Petersen Health Operations, LLC are Mark Petersen, a resident of Illinois and citizen of the United States of America, and MBP Partner, LLC, an Illinois limited liability company whose sole member is Mark Petersen, a resident of Illinois and citizen of the United States of America.

**ANSWER:** Upon information and belief, the Defendants admit the allegations contained in Paragraph 7.

8.     The sole member of Operator Defendant Petersen Health Junction, LLC is Petersen Health Care, Inc., an Illinois corporation, whose principal place of business is in Peoria, Illinois.

**ANSWER:** Upon information and belief, the Defendants admit the allegations contained in Paragraph 8.

9.     The sole member of Master Tenant Defendant is Mark Petersen, a resident of Illinois and citizen of the United States of America.

**ANSWER:** Upon information and belief, the Defendants admit the allegations contained in Paragraph 9.

10.     Each Owner Defendant is the owner of real property on which a skilled nursing or independent care facility is operated by one of the Operator Defendants.

**ANSWER:** Upon information and belief, the Defendants admit the allegations contained in Paragraph 10.

11.     Owner Defendant Batavia, LLC owns real property located at 520 Fabyan Parkway, Batavia, IL 60510 (the "Batavia Real Property") on which Operator Defendant Petersen Health

Operations, LLC operates Batavia Rehabilitation & Health Care Center, a 63-bed licensed independent care facility (the "Batavia Facility").

**ANSWER:** Upon information and belief, the Defendants admit the allegations contained in Paragraph 11.

12. Owner Defendant Timbercreek HCC, LLC owns real property located at 2220 State Street, Pekin, IL 61554 (the "Timbercreek Real Property") on which Operator Defendant Petersen Health Operations, LLC operates Timbercreek Rehab & Health Care Center, a 202-bed licensed skilled nursing facility (the "Timbercreek Facility").

**ANSWER:** Upon information and belief, the Defendants admit the allegations contained in Paragraph 12.

13. Owner Defendant Fondulac, LLC owns real property located at 901 Illini Drive, East Peoria, IL 61611 (the "Fondulac Real Property") on which Operator Defendant Petersen Health Operations, LLC operates Fondulac Rehabilitation and Health Care Center, a 98-bed licensed skilled nursing facility (the "Fondulac Facility").

**ANSWER:** Upon information and belief, the Defendants admit the allegations contained in Paragraph 13.

14. Owner Defendant Bloomington, LLC owns real property located at 1925 South Main Street, Bloomington, IL 61701 (the "Bloomington Real Property") on which Operator Defendant Petersen Health Operations, LLC operates Bloomington Rehabilitation and Health Care Center, a 78-bed licensed skilled nursing and independent care facility (the "Bloomington Facility").

**ANSWER:** Upon information and belief, the Defendants admit the allegations contained in Paragraph 14.

15.     Owner Defendant Sunset HCC, LLC owns real property located at 129 South 1st Street Avenue, Canton, IL 61520 (the "Sunset Real Property") on which Operator Defendant Petersen Health Junction, LLC operates Sunset Rehabilitation and Health Care, a 115-bed licensed skilled nursing and independent care facility (the "Sunset Facility").

**ANSWER:**  Upon information and belief, the Defendants admit the allegations contained in Paragraph 15.

16.     Owner Defendant Eastside, LLC owns real property located at 1400 East Washington Street, Pittsfield, IL 62363 (the "Eastside Real Property") on which Operator Defendant Petersen Health Operations, LLC operates Eastside Health & Rehabilitation Center, a 92-bed licensed skilled nursing facility (the "Eastside Facility").

**ANSWER:**  Upon information and belief, the Defendants admit the allegations contained in Paragraph 16.

17.     Owner Defendant Cisne, LLC owns real property located at 107 North Watkins Street, Cisne, IL 62823 (the "Cisne Real Property") on which Operator Defendant Petersen Health Operations, LLC operates Cisne Rehab & Health Care Center, a 35-bed licensed skilled nursing and independent care (the "Cisne Facility").

**ANSWER:**  Upon information and belief, the Defendants admit the allegations contained in Paragraph 17.

18.     Owner Defendant Benton HCC, LLC owns real property located at 1409 North Main Street, Benton, IL 62812 (the "Benton Real Property") on which Operator Defendant Petersen Health Operations, LLC operates Benton Rehab & Health Care Center, a 67-bed licensed skilled nursing and independent care (the "Benton Facility").

**ANSWER:** Upon information and belief, the Defendants admit the allegations contained in Paragraph 18.

19.     Owner Defendant Ozark HCC, LLC owns real property located at 1083 Ozark Care Drive, Osage Beach, MO 65065 (the "Ozark Real Property" and together with the Batavia Real Property, the Timbercreek Real Property, the Fondulac Real Property, the Bloomington Real Property, the Sunset Real Property, the Eastside Real Property, the Cisne Real Property and the Benton Real Property, the "Real Properties" and each a "Real Property") on which Operator Defendant Petersen Health Operations, LLC operates Ozark Rehabilitation & Health Care Center, a 60-bed licensed skilled nursing (the "Ozark Facility").

**ANSWER:** Upon information and belief, the Defendants admit the allegations contained in Paragraph 19.

20.     Defendants DOES 1-12, the last twelve names being fictitious and unknown to Plaintiff, are the persons or parties intended being the tenants, occupants, persons, or entities, if any, having or claiming an interest in or lien upon the Real Properties.

**ANSWER:** Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Verified Complaint and, therefore, they are denied.

### AS TO "JURISDICTION AND VENUE"

21.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because it is a civil action between citizens of various States within the United States, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER:** Paragraph 21 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants admit that this Court has subject matter jurisdiction over the matters alleged in the Verified Complaint.

22. Venue is proper in this district under 28 U.S.C. § 1391(b) because (i) Owner Defendant Batavia, LLC owns real property in this district and (ii) Operator Defendant Petersen Health Operations, LLC conducts its business operations in this district.

**ANSWER:** Paragraph 22 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants admit that venue is proper in this Court.

### AS TO THE "FACTS"

**A.**     **As to the "Batavia HUD Loan"**

23. Pursuant to that certain Healthcare Facility Note dated as of September 1, 2014 (the "Batavia HUD Note"), Plaintiff provided a loan, insured by the United States Department of Housing and Urban Development ("HUD") in the original principal amount of $1,123,000.00 to Owner Defendant Batavia, LLC (the "Batavia HUD Loan"). A true and correct copy of the Batavia HUD Note is attached hereto as Exhibit A.

**ANSWER:** Defendants admit that Defendant Batavia, LLC entered into the Batavia HUD Note with Plaintiff, dated September 1, 2014, under which Plaintiff provided the Batavia HUD Loan, and that Plaintiff attaches to the Verified Complaint, as Exhibit A, a true and correct copy of the Batavia HUD Note, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

24. In connection with the Batavia HUD Loan, Owner Defendant Batavia, LLC issued that certain Healthcare Mortgage, Assignment of Leases, Rents and Revenue and Security Agreement dated as of September 1, 2014 to Plaintiff granting a mortgage on the Batavia Real

Property and security interest in assets related thereto (the "<u>Batavia Mortgage</u>") to secure the Batavia HUD Loan. A true and correct copy of the Batavia Mortgage is attached hereto as <u>Exhibit B</u>.

      **ANSWER:** Defendants admit that Defendant Batavia, LLC issued the Batavia Mortgage to secure the Batavia HUD Loan, dated September 1, 2014 and that Plaintiff attaches to the Verified Complaint, as Exhibit B, a true and correct copy of the Batavia Mortgage, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

      25.    In connection with the Batavia HUD Loan, Operator Defendant Petersen Health Operations, LLC issued that certain Operator Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "<u>Batavia Operator Security Agreement</u>"). A true and correct copy of the Batavia Operator Security Agreement is attached hereto as <u>Exhibit C</u>.

      **ANSWER:** Defendants admit that Operator Defendant Petersen Health Operations, LLC, in connection with the Batavia HUD Loan, issued the Batavia Operator Security Agreement, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit C, a true and correct copy of the Batavia Operator Security Agreement, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

      26.    In connection with the Batavia HUD Loan, Operator Defendant Petersen Health Operations, LLC also issued that certain Assignment of Leases and Rents dated September 1, 2014 assigning its rights to all rents and leases from the Batavia Facility to Plaintiff (the "<u>Batavia Assignment of Leases and Rents</u>"). A true and correct copy of the Batavia Assignment of Leases and Rents is attached hereto as <u>Exhibit D</u>.

      **ANSWER:** Defendants admit that Operator Defendant Petersen Health Operations, LLC, in connection with the Batavia HUD Loan, issued the Batavia Assignment of Leases and Rents,

dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit D, a true and correct copy of the Batavia Assignment of Leases and Rents, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

27.     In connection with the Batavia HUD Loan, Defendant Master Tenant issued that certain Master Tenant Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Batavia Master Tenant Security Agreement"). A true and correct copy of the Batavia Master Tenant Security Agreement is attached hereto as Exhibit E.

**ANSWER:**  Defendants admit that Defendant Master Tenant, in connection with the Batavia HUD Loan, issued the Batavia Master Tenant Security Agreement, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit E, a true and correct copy of the Batavia Master Tenant Security Agreement, which speaks for itself.  Defendants deny Plaintiff's characterization of that Exhibit.

**B.**     **As to the "Timbercreek HUD Note"**

28.     Pursuant to that certain Healthcare Facility Note dated as of September 1, 2014 (the "Timbercreek HUD Note"), Plaintiff provided a loan, insured by HUD in the original principal amount of $4,222,400.00 to Owner Defendant Timbercreek HCC, LLC (the "Timbercreek HUD Loan"). A true and correct copy of the Timbercreek HUD Note is attached hereto as Exhibit F.

**ANSWER:**  Defendants admit that Owner Defendant Timbercreek HCC, LLC entered into the Timbercreek HUD Note with Plaintiff, dated September 1, 2014, under which Plaintiff provided the Timbercreek HUD Loan, and that Plaintiff attaches to the Verified Complaint, as Exhibit F, a true and correct copy of the Timbercreek HUD Note, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

29.     In connection with the Timbercreek HUD Loan, Owner Defendant Timbercreek HCC, LLC issued that certain Healthcare Mortgage, Assignment of Leases, Rents and Revenue and Security Agreement dated as of September 1, 2014 to Plaintiff granting a mortgage on the Timbercreek Real Property and security interest in assets related thereto (the "Timbercreek Mortgage") to secure the Timbercreek HUD Loan. A true and correct copy of the Timbercreek Mortgage is attached hereto as Exhibit G.

**ANSWER:** Defendants admit that Owner Defendant Timbercreek HCC, LLC issued the Timbercreek Mortgage to secure the Timbercreek HUD Loan, dated September 1, 2014 and that Plaintiff attaches to the Verified Complaint, as Exhibit G, a true and correct copy of the Timbercreek Mortgage, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

30.     In connection with the Timbercreek HUD Loan, Operator Defendant Petersen Health Operations, LLC issued that certain Operator Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Timbercreek Operator Security Agreement"). A true and correct copy of the Timbercreek Operator Security Agreement is attached hereto as Exhibit H.

**ANSWER:** Defendants admit that Operator Defendant Petersen Health Operations, LLC, in connection with the Timbercreek HUD Loan, issued the Timbercreek Operator Security Agreement, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit H, a true and correct copy of the Timbercreek Operator Security Agreement, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

31.     In connection with the Timbercreek HUD Loan, Operator Defendant Petersen Health Operations, LLC also issued that certain Assignment of Leases and Rents dated September

1, 2014 assigning its rights to all rents and leases from the Timbercreek Facility to Plaintiff (the "Timbercreek Assignment of Leases and Rents"). A true and correct copy of the Timbercreek Assignment of Leases and Rents is attached hereto as Exhibit I.

**ANSWER:** Defendants admit that Operator Defendant Petersen Health Operations, LLC, in connection with the Timbercreek HUD Loan, issued the Timbercreek Assignment of Leases and Rents, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit I, a true and correct copy of the Timbercreek Assignment of Leases and Rents, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

32.     In connection with the Timbercreek HUD Loan, Defendant Master Tenant issued that certain Master Tenant Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Timbercreek Master Tenant Security Agreement"). A true and correct copy of the Timbercreek Master Tenant Security Agreement is attached hereto as Exhibit J.

**ANSWER:** Defendants admit that Defendant Master Tenant, in connection with the Timbercreek HUD Loan, issued the Timbercreek Master Tenant Security Agreement, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit J, a true and correct copy of the Timbercreek Master Tenant Security Agreement, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

**C.     As to the "Fondulac HUD Note"**

33.     Pursuant to that certain Healthcare Facility Note dated as of September 1, 2014 (the "Fondulac HUD Note"), Plaintiff provided a loan, insured by HUD in the original principal amount of $2,799,200.00 to Owner Defendant Fondulac, LLC (the "Fondulac HUD Loan"). A true and correct copy of the Fondulac HUD Note is attached hereto as Exhibit K.

**ANSWER:** Defendants admit that Owner Defendant Fondulac, LLC entered into the Fondulac HUD Note with Plaintiff, dated September 1, 2014, under which Plaintiff provided the Fondulac Loan and that Plaintiff attaches to the Verified Complaint, as Exhibit K, a true and correct copy of the Fondulac HUD Note, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

34.     In connection with the Fondulac HUD Loan, Owner Defendant Fondulac, LLC issued that certain Healthcare Mortgage, Assignment of Leases, Rents and Revenue and Security Agreement dated as of September 1, 2014 to Plaintiff granting a mortgage on the Fondulac Real Property and security interest in assets related thereto (the "Fondulac Mortgage") to secure the Fondulac HUD Loan. A true and correct copy of the Fondulac Mortgage is attached hereto as Exhibit L.

**ANSWER:** Defendants admit that Owner Defendant Fondulac, LLC issued the Fondulac Mortgage to secure the Fondulac HUD Loan, dated September 1, 2014 and that Plaintiff attaches to the Verified Complaint, as Exhibit L, a true and correct copy of the Fondulac Mortgage, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

35.     In connection with the Fondulac HUD Loan, Operator Defendant Petersen Health Operations, LLC issued that certain Operator Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Fondulac Operator Security Agreement"). A true and correct copy of the Fondulac Operator Security Agreement is attached hereto as Exhibit M.

**ANSWER:** Defendants admit that Operator Defendant Petersen Health Operations, LLC, in connection with the Fondulac HUD Note, issued the Fondulac Operator Security Agreement, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit M, a true

and correct copy of the Fondulac Operator Security Agreement, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

36.     In connection with the Fondulac HUD Loan, Operator Defendant Petersen Health Operations, LLC also issued that certain Assignment of Leases and Rents dated September 1, 2014 assigning its rights to all rents and leases from the Fondulac Facility to Plaintiff (the "Fondulac Assignment of Leases and Rents"). A true and correct copy of the Fondulac Assignment of Leases and Rents is attached hereto as Exhibit N.

**ANSWER:** Defendants admit that Operator Defendant Petersen Health Operations, LLC, in connection with the Fondulac HUD Note, issued the Fondulac Assignment of Leases and Rents, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit N, a true and correct copy of the Fondulac Assignment of Leases and Rents, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

37.     In connection with the Fondulac HUD Loan, Defendant Master Tenant issued that certain Master Tenant Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Fondulac Master Tenant Security Agreement"). A true and correct copy of the Fondulac Master Tenant Security Agreement is attached hereto as Exhibit O.

**ANSWER:** Defendants admit that Defendant Master Tenant, in connection with the Fondulac HUD Note, issued the Fondulac Master Tenant Security Agreement, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit O, a true and correct copy of the Fondulac Master Tenant Security Agreement, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

**D.**     **As to the "Bloomington HUD Note"**

38.     Pursuant to that certain Healthcare Facility Note dated as of September 1, 2014 (the "Bloomington HUD Note"), Plaintiff provided a loan, insured by HUD in the original principal amount of $2,019,400.00 to Owner Defendant Bloomington, LLC (the "Bloomington HUD Loan"). A true and correct copy of the Bloomington HUD Note is attached hereto as Exhibit P.

**ANSWER:**  Defendants admit that Owner Defendant Bloomington, LLC entered into the Bloomington HUD Note with Plaintiff, dated September 1, 2014, under which Plaintiff provided the Bloomington Loan, and that Plaintiff attaches to the Verified Complaint, as Exhibit P, a true and correct copy of the Bloomington HUD Note, which speaks for itself.  Defendants deny Plaintiff's characterization of that Exhibit.

39.     In connection with the Bloomington HUD Loan, Owner Defendant Bloomington, LLC issued that certain Healthcare Mortgage, Assignment of Leases, Rents and Revenue and Security Agreement dated as of September 1, 2014 to Plaintiff granting a mortgage on the Bloomington Real Property and security interest in assets related thereto (the "Bloomington Mortgage") to secure the Bloomington HUD Loan. A true and correct copy of the Bloomington Mortgage is attached hereto as Exhibit Q.

**ANSWER:**  Defendants admit that Owner Defendant Bloomington, LLC issued the Bloomington Mortgage to secure the Bloomington HUD Loan, dated September 1, 2014 and that Plaintiff attaches to the Verified Complaint, as Exhibit Q, a true and correct copy of the Bloomington Mortgage, which speaks for itself.  Defendants deny Plaintiff's characterization of that Exhibit.

40.     In connection with the Bloomington HUD Loan, Operator Defendant Petersen Health Operations, LLC issued that certain Operator Security Agreement dated September 1, 2014

granting Plaintiff a security interest in its assets (the "Bloomington Operator Security Agreement"). A true and correct copy of the Bloomington Operator Security Agreement is attached hereto as Exhibit R.

**ANSWER:** Defendants admit that Operator Defendant Petersen Health Operations, LLC, in connection with the Bloomington HUD Note, issued the Bloomington Operator Security Agreement, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit R, a true and correct copy of the Bloomington Operator Security Agreement, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

41. In connection with the Bloomington HUD Loan, Operator Defendant Petersen Health Operations, LLC also issued that certain Assignment of Leases and Rents dated September 1, 2014 assigning its rights to all rents and leases from the Bloomington Facility to Plaintiff (the "Bloomington Assignment of Leases and Rents"). A true and correct copy of the Bloomington Assignment of Leases and Rents is attached hereto as Exhibit S.

**ANSWER:** Defendants admit that Operator Defendant Petersen Health Operations, LLC, in connection with the Bloomington HUD Note, issued the Bloomington Assignment of Leases and Rents, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit S, a true and correct copy of the Bloomington Assignment of Leases and Rents, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

42. In connection with the Bloomington HUD Loan, Defendant Master Tenant issued that certain Master Tenant Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Bloomington Master Tenant Security Agreement"). A true and correct copy of the Bloomington Master Tenant Security Agreement is attached hereto as Exhibit T.

**ANSWER:** Defendants admit that Defendant Master Tenant, in connection with the Bloomington HUD Note, issued the Bloomington Master Tenant Security Agreement, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit T, a true and correct copy of the Bloomington Master Tenant Security Agreement, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

E.    **As to the "Sunset HUD Note"**

43.    Pursuant to that certain Healthcare Facility Note dated as of September 1, 2014 (the "Sunset HUD Note"), Plaintiff provided a loan, insured by HUD in the original principal amount of $2,814,400.00 to Owner Defendant Sunset HCC, LLC (the "Sunset HUD Loan"). A true and correct copy of the Sunset HUD Note is attached hereto as Exhibit U.

**ANSWER:** Defendants admit that Owner Defendant Sunset HCC, LLC entered into the Sunset HUD Note with Plaintiff, dated September 1, 2014, under which Plaintiff provided the Sunset Loan, and that Plaintiff attaches to the Verified Complaint, as Exhibit U, a true and correct copy of the Sunset HUD Note, which speaks for itself.  Defendants deny Plaintiff's characterization of that Exhibit.

44.    In connection with the Sunset HUD Loan, Owner Defendant Sunset HCC, LLC issued that certain Healthcare Mortgage, Assignment of Leases, Rents and Revenue and Security Agreement dated as of September 1, 2014 to Plaintiff granting a mortgage on the Sunset Real Property and security interest in assets related thereto (the "Sunset Mortgage") to secure the Sunset HUD Loan. A true and correct copy of the Sunset Mortgage is attached hereto as Exhibit V.

**ANSWER:** Defendants admit that Owner Defendant Sunset HCC, LLC issued the Sunset Mortgage to secure the Sunset HUD Loan, dated September 1, 2014 and that Plaintiff attaches to

the Verified Complaint, as Exhibit V, a true and correct copy of the Sunset Mortgage, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

45.     In connection with the Sunset HUD Loan, Operator Defendant Petersen Health Junction, LLC issued that certain Operator Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Sunset Operator Security Agreement"). A true and correct copy of the Sunset Operator Security Agreement is attached hereto as Exhibit W.

**ANSWER:** Defendants admit that Operator Defendant Petersen Health Junction, LLC, in connection with the Sunset HUD Note, issued the Sunset Operator Security Agreement, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit W, a true and correct copy of the Sunset Operator Security Agreement, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

46.     In connection with the Sunset HUD Loan, Operator Defendant Petersen Health Junction, LLC also issued that certain Assignment of Leases and Rents dated September 1, 2014 assigning its rights to all rents and leases from the Sunset Facility to Plaintiff (the "Sunset Assignment of Leases and Rents"). A true and correct copy of the Sunset Assignment of Leases and Rents is attached hereto as Exhibit X.

**ANSWER:** Defendants admit that Operator Defendant Petersen Health Junction, LLC, in connection with the Sunset HUD Note, issued the Sunset Assignment of Leases and Rents, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit X, a true and correct copy of the Sunset Assignment of Leases and Rents, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

47.     In connection with the Sunset HUD Loan, Defendant Master Tenant issued that certain Master Tenant Security Agreement dated September 1, 2014 granting Plaintiff a security

interest in its assets (the "<u>Sunset Master Tenant Security Agreement</u>"). A true and correct copy of the Sunset Master Tenant Security Agreement is attached hereto as <u>Exhibit Y</u>.

**ANSWER:** Defendants admit that Defendant Master Tenant, in connection with the Sunset HUD Note, issued the Sunset Master Tenant Security Agreement, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit Y, a true and correct copy of the Sunset Master Tenant Security Agreement, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

**F.    <u>As to the "Eastside HUD Note"</u>**

48.    Pursuant to that certain Healthcare Facility Note dated as of September 1, 2014 (the "<u>Eastside HUD Note</u>"), Plaintiff provided a loan, insured by HUD in the original principal amount of $5,298,000.00 to Owner Defendant Eastside, LLC (the "<u>Eastside HUD Loan</u>"). A true and correct copy of the Eastside HUD Note is attached hereto as <u>Exhibit Z</u>.

**ANSWER:** Defendants admit that Owner Defendant Eastside, LLC entered into the Eastside HUD Note with Plaintiff, dated September 1, 2014, under which Plaintiff provided the Eastside Loan, and that Plaintiff attaches to the Verified Complaint, as Exhibit Z, a true and correct copy of the Eastside HUD Note, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

49.    In connection with the Eastside HUD Loan, Owner Defendant Eastside, LLC issued that certain Healthcare Mortgage, Assignment of Leases, Rents and Revenue and Security Agreement dated as of September 1, 2014 to Plaintiff granting a mortgage on the Eastside Real Property and security interest in assets related thereto (the "<u>Eastside Mortgage</u>") to secure the Eastside HUD Loan. A true and correct copy of the Eastside Mortgage is attached hereto as <u>Exhibit AA</u>.

**ANSWER:** Defendants admit that Owner Defendant Eastside, LLC issued the Eastside Mortgage to secure the Eastside HUD Loan, dated September 1, 2014 and that Plaintiff attaches to the Verified Complaint, as Exhibit AA, a true and correct copy of the Eastside Mortgage, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

50.     In connection with the Eastside HUD Loan, Operator Defendant Petersen Health Operations, LLC issued that certain Operator Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Eastside Operator Security Agreement"). A true and correct copy of the Eastside Operator Security Agreement is attached hereto as Exhibit BB.

**ANSWER:** Defendants admit that Operator Defendant Petersen Health Operations, LLC, in connection with the Eastside HUD Note, issued the Eastside Operator Security Agreement, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit BB, a true and correct copy of the Eastside Operator Security Agreement, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

51.     In connection with the Eastside HUD Loan, Operator Defendant Petersen Health Operations, LLC also issued that certain Assignment of Leases and Rents dated September 1, 2014 assigning its rights to all rents and leases from the Eastside Facility to Plaintiff (the "Eastside Assignment of Leases and Rents"). A true and correct copy of the Eastside Assignment of Leases and Rents is attached hereto as Exhibit CC.

**ANSWER:** Defendants admit that Operator Defendant Petersen Health Operations, LLC, in connection with the Eastside HUD Note, issued the Eastside Assignment of Leases and Rents, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit CC, a

true and correct copy of the Eastside Assignment of Leases and Rents, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

52.     In connection with the Eastside HUD Loan, Defendant Master Tenant issued that certain Master Tenant Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Eastside Master Tenant Security Agreement"). A true and correct copy of the Eastside Master Tenant Security Agreement is attached hereto as Exhibit DD.

**ANSWER:**  Defendants admit that Defendant Master Tenant, in connection with the Eastside HUD Note, issued the Eastside Master Tenant Security Agreement, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit DD, a true and correct copy of the Eastside Master Tenant Security Agreement, which speaks for itself.  Defendants deny Plaintiff's characterization of that Exhibit.

**G.     As to the "Cisne HUD Note"**

53.     Pursuant to that certain Healthcare Facility Note dated as of September 1, 2014 (the "Cisne HUD Note"), Plaintiff provided a loan, insured by HUD in the original principal amount of $1,118,500.00 to Owner Defendant Cisne, LLC (the "Cisne HUD Loan"). A true and correct copy of the Cisne HUD Note is attached hereto as Exhibit EE.

**ANSWER:**  Defendants admit that Owner Defendant Cisne, LLC entered into the Cisne HUD Note with Plaintiff, dated September 1, 2014, under which Plaintiff provided the Cisne Loan, and that Plaintiff attaches to the Verified Complaint, as Exhibit EE, a true and correct copy of the Cisne HUD Note, which speaks for itself.  Defendants deny Plaintiff's characterization of that Exhibit.

54.     In connection with the Cisne HUD Loan, Owner Defendant Cisne, LLC issued that certain Healthcare Mortgage, Assignment of Leases, Rents and Revenue and Security Agreement

dated as of September 1, 2014 to Plaintiff granting a mortgage on the Cisne Real Property and security interest in assets related thereto (the "Cisne Mortgage") to secure the Cisne HUD Loan. A true and correct copy of the Cisne Mortgage is attached hereto as Exhibit FF.

**ANSWER:** Defendants admit that Owner Defendant Cisne, LLC issued the Cisne Mortgage to secure the Cisne HUD Loan, dated September 1, 2014 and that Plaintiff attaches to the Verified Complaint, as Exhibit FF, a true and correct copy of the Cisne Mortgage, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

55. In connection with the Cisne HUD Loan, Operator Defendant Petersen Health Operations, LLC issued that certain Operator Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Cisne Operator Security Agreement"). A true and correct copy of the Cisne Operator Security Agreement is attached hereto as Exhibit GG.

**ANSWER:** Defendants admit that Operator Defendant Petersen Health Operations, LLC, in connection with the Cisne HUD Note, issued the Cisne Operator Security Agreement, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit GG, a true and correct copy of the Cisne Operator Security Agreement, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

56. In connection with the Cisne HUD Loan, Operator Defendant Petersen Health Operations, LLC also issued that certain Assignment of Leases and Rents dated September 1, 2014 assigning its rights to all rents and leases from the Cisne Facility to Plaintiff (the "Cisne Assignment of Leases and Rents"). A true and correct copy of the Cisne Assignment of Leases and Rents is attached hereto as Exhibit HH.

**ANSWER:** Defendants admit that Operator Defendant Petersen Health Operations, LLC, in connection with the Cisne HUD Note, issued the Cisne Assignment of Leases and Rents, dated

22

September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit HH, a true and correct copy of the Cisne Assignment of Leases and Rents, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

57.     In connection with the Cisne HUD Loan, Defendant Master Tenant issued that certain Master Tenant Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Cisne Master Tenant Security Agreement"). A true and correct copy of the Cisne Master Tenant Security Agreement is attached hereto as Exhibit II.

**ANSWER:** Defendants admit that Defendant Master Tenant, in connection with the Cisne HUD Note, issued the Cisne Master Tenant Security Agreement, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit II, a true and correct copy of the Cisne Master Tenant Security Agreement, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

**H.     As to the "Benton HUD Note"**

58.     Pursuant to that certain Healthcare Facility Note dated as of September 1, 2014 (the "Benton HUD Note"), Plaintiff provided a loan, insured by HUD in the original principal amount of $2,927,200.00 to Owner Defendant Benton HCC, LLC (the "Benton HUD Loan"). A true and correct copy of the Benton HUD Note is attached hereto as Exhibit JJ.

**ANSWER:** Defendants admit that Owner Defendant Benton HCC, LLC entered into the Benton HUD Note with Plaintiff, under which Plaintiff provided the Benton Loan, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit JJ, a true and correct copy of the Benton HUD Note, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

59.     In connection with the Benton HUD Loan, Owner Defendant Benton HCC, LLC issued that certain Healthcare Mortgage, Assignment of Leases, Rents and Revenue and Security Agreement to Plaintiff granting a mortgage on the Benton Real Property and security interest in assets related thereto (the "Benton Mortgage") to secure the Benton HUD Loan. A true and correct copy of the Benton Mortgage is attached hereto as Exhibit KK.

**ANSWER:** Defendants admit that Owner Defendant Benton HCC, LLC issued the Benton Mortgage to secure the Benton HUD Loan, dated September 1, 2014 and that Plaintiff attaches to the Verified Complaint, as Exhibit KK, a true and correct copy of the Benton Mortgage, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

60.     In connection with the Benton HUD Loan, Operator Defendant Petersen Health Operations, LLC issued that certain Operator Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Benton Operator Security Agreement"). A true and correct copy of the Benton Operator Security Agreement is attached hereto as Exhibit LL.

**ANSWER:** Defendants admit that Operator Defendant Petersen Health Operations, LLC, in connection with the Benton HUD Note, issued the Benton Operator Security Agreement, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit LL, a true and correct copy of the Benton Operator Security Agreement, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

61.     In connection with the Benton HUD Loan, Operator Defendant Petersen Health Operations, LLC also issued that certain Assignment of Leases and Rents dated September 1, 2014 assigning its rights to all rents and leases from the Benton Facility to Plaintiff (the "Benton Assignment of Leases and Rents"). A true and correct copy of the Benton Assignment of Leases and Rents is attached hereto as Exhibit MM.

**ANSWER:** Defendants admit that Operator Defendant Petersen Health Operations, LLC, in connection with the Benton HUD Note, issued the Benton Assignment of Leases and Rents, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit MM, a true and correct copy of the Benton Assignment of Leases and Rents, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

62. In connection with the Benton HUD Loan, Defendant Master Tenant issued that certain Master Tenant Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Benton Master Tenant Security Agreement"). A true and correct copy of the Benton Master Tenant Security Agreement is attached hereto as Exhibit NN.

**ANSWER:** Defendants admit that Defendant Master Tenant, in connection with the Benton HUD Note, issued the Benton Master Tenant Security Agreement, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit NN, a true and correct copy of the Benton Master Tenant Security Agreement, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

**I.** **As to the "Ozark HUD Note"**

63. Pursuant to that certain Healthcare Facility Note dated as of September 1, 2014 (the "Ozark HUD Note"), Plaintiff provided a loan, insured by HUD in the original principal amount of $4,159,500.00 to Owner Defendant Ozark HCC, LLC (the "Ozark HUD Loan"). A true and correct copy of the Ozark HUD Note is attached hereto as Exhibit OO.

**ANSWER:** Defendants admit that Owner Defendant Ozark HCC, LLC entered into the Ozark HUD Note with Plaintiff, under which Plaintiff provided the Ozark Loan, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit OO, a true and correct

copy of the Ozark HUD Note, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

64. In connection with the Ozark HUD Loan, Owner Defendant Ozark HCC, LLC issued that certain Healthcare Deed of Trust, Security Agreement, Assignment of Rents, and Fixture Filing dated as of September 1, 2014 to Plaintiff granting a mortgage on the Ozark Real Property and security interest in assets related thereto (the "Ozark Deed of Trust") to secure the Ozark HUD Loan. A true and correct copy of the Ozark Deet of Trust is attached hereto as Exhibit PP.

**ANSWER:** Defendants admit that Owner Defendant Ozark HCC, LLC issued the Ozark Deed of Trust to secure the Ozark HUD Loan, dated September 1, 2014 and that Plaintiff attaches to the Verified Complaint, as Exhibit PP, a true and correct copy of the Ozark Deed of Trust, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

65. In connection with the Ozark HUD Loan, Operator Defendant Petersen Health Operations, LLC issued that certain Operator Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Ozark Operator Security Agreement"). A true and correct copy of the Ozark Operator Security Agreement is attached hereto as Exhibit QQ.

**ANSWER:** Defendants admit that Operator Defendant Petersen Health Operations, LLC, in connection with the Benton HUD Note, issued the Ozark Operator Security Agreement, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit QQ, a true and correct copy of the Ozark Operator Security Agreement, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

66. In connection with the Ozark HUD Loan, Operator Defendant Petersen Health Operations, LLC also issued that certain Assignment of Leases and Rents dated September 1, 2014

26

assigning its rights to all rents and leases from the Ozark Facility to Plaintiff (the "Ozark Assignment of Leases and Rents"). A true and correct copy of the Ozark Assignment of Leases and Rents is attached hereto as Exhibit RR.

**ANSWER:** Defendants admit that Operator Defendant Petersen Health Operations, LLC, in connection with the Ozark HUD Note, issued the Ozark Assignment of Leases and Rents, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit RR, a true and correct copy of the Ozark Assignment of Leases and Rents, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

67. In connection with the Ozark HUD Loan, Defendant Master Tenant issued that certain Master Tenant Security Agreement dated September 1, 2014 granting Plaintiff a security interest in its assets (the "Ozark Master Tenant Security Agreement"). A true and correct copy of the Ozark Master Tenant Security Agreement is attached hereto as Exhibit SS.

**ANSWER:** Defendants admit that Defendant Master Tenant, in connection with the Ozark HUD Note, issued the Ozark Master Tenant Security Agreement, dated September 1, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit SS, a true and correct copy of the Ozark Master Tenant Security Agreement, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

**J.**     **As to the "HUD Loan DACAs and UCC Financing Statements"**

68. In connection with the Batavia, Timbercreek, Bloomington, Fondulac, Eastside, Cisne, Benton, and Ozark HUD Loans, Operator Defendant Petersen Health Operations, LLC executed that certain Deposit Account Control Agreement dated as of September 24, 2014 providing Plaintiff with control rights over their deposit accounts at CIBC Bank f/k/a The Private Bank (the "Petersen Health Operations Deposit Account Control Agreement"). A true and correct

copy of the Petersen Health Operations Deposit Account Control Agreement is attached hereto as Exhibit TT.

**ANSWER:** Defendant admits that certain of the Owner Defendants, and Operator Defendant Petersen Health Operations, LLC entered into the Petersen Health Operations Deposit Account Control Agreement, dated as of September 24, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit TT, a true and correct copy of the Petersen Health Operations Deposit Account Control Agreement, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

69. In connection with the Sunset HUD Loan, Operator Defendant Petersen Health Junction, LLC executed that certain Deposit Account Control Agreement dated as of September 24, 2014 providing Plaintiff with control rights over its deposit accounts at CIBC Bank f/k/a The Private Bank (the "Petersen Health Junction Deposit Account Control Agreement"). A true and correct copy of the Petersen Health Junction Deposit Account Control Agreement is attached hereto as Exhibit UU.

**ANSWER:** Defendant admits that Operator Defendant Petersen Health Operations, LLC, in connection with the Sunset HUD Loan, entered into the Petersen Health Junction Deposit Account Control Agreement, dated as of September 24, 2014, and that Plaintiff attaches to the Verified Complaint, as Exhibit UU, a true and correct copy of the Petersen Health Junction Deposit Account Control Agreement, which speaks for itself. Defendants deny Plaintiff's characterization of that Exhibit.

70. UCC financing statements were filed against Owner Defendants, Operator Defendants and Master Tenant Defendants with the Illinois Secretary of State and respective counties where the Real Properties owned by Owner Defendants are located reflecting the liens of

Plaintiff. True and correct copies of the recorded financing statements are attached hereto as Group Exhibit VV.

**ANSWER:** The UCC financing statements speak for themselves. Defendants admit that Plaintiff attaches to the Verified Complaint, as Group Exhibit VV, true and correct copies of the recording financing statements. Defendants deny Plaintiff's characterization of that Exhibit. Defendants do not have sufficient knowledge to confirm whether they were properly filed against certain Owner Defendants, Operator Defendants and Master Tenant Defendants, and therefore deny the remaining allegations contained in Paragraph 70.

**K.**     **As to the "Breaches of Loan Agreements"**

71.     Owner Defendants failed to make their required payments under the loan agreements due on December 1, 2023 and January 1, 2024 and are, therefore, in default under their loans agreements with Plaintiff. Plaintiff declared the entirety of the loans due and payable on January 21, 2024. True and correct copies of the notices of default are attached hereto as Group Exhibit WW.

**ANSWER:** Defendants admit to not making payments under the loan agreements that were due on December 1, 2023 and January 1, 2024. Defendants admit that Plaintiff attaches as Group Exhibit WW copies of notices of default that were sent to certain of the Owner Defendants, which speak for themselves; however, Defendants deny that they are in default under their loan agreements with Plaintiff and any remaining allegations in Paragraph 71.

72.     Defendants have failed to pay their obligations to Plaintiff and the current collective outstanding balance is in excess of $19,363,527.64 plus additional fees, costs and interest that continue to accrue thereon.

**ANSWER:** Defendants admit to not making payments under the loan agreements that were due on December 1, 2023 and January 1, 2024 but deny Plaintiff's purported outstanding amount and deny any obligation to the Plaintiff for the full amount of the loans, any additional fees, costs and interest thereon.

73. Plaintiff requested information from Defendants with respect to the payment of payroll and provider taxes, payments to vendors, comingling of funds and general cash flow. A true and correct copy of the demand is attached hereto as Exhibit XX. As of this filing, the information has not been provided.

**ANSWER:** Defendants admit that Plaintiff attaches as Exhibit XX copies of information requests relating to the payment of payroll and provider taxes, payments to vendors, alleged comingling of funds and general cash flow. Defendants deny any factual characterizations of the information requests, and any remaining allegations in Paragraph 73.

## AS TO "COUNT I"
### "Breach of Contract – Batavia HUD Note"

74. Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

75. Pursuant to the Batavia HUD Note, Owner Defendant Batavia, LLC is required to timely make the required payments thereunder.

**ANSWER:** Paragraph 75 states a legal conclusion to which no response is required. To the extend a response is required, Defendants state that with respect to the alleged payments required under the Batavia HUD Note, the Batavia HUD Note speaks for itself. Defendants deny

Plaintiff's characterization of the Batavia HUD Note, and deny the remaining allegations of Paragraph 75.

76.    Owner Defendant Batavia, LLC failed to timely make the required payments thereunder.

**ANSWER:** Defendants admit that Owner Defendant Batavia, LLC did not make certain payments, but deny the remaining allegations of Paragraph 76.

77.    As of January 22, 2024, the outstanding balance on the Batavia HUD Loan is $770,037.38, plus additional fees, costs and interest that continue to accrue thereon.

**ANSWER:** Defendants deny the purported outstanding balance on the Batavia HUD Loan asserted in Paragraph 77.

78.    As a proximate result of Owner Defendant Batavia, LLC's breach of its payment obligations under the Batavia HUD Note, Plaintiff has been damaged in an amount not less than $770,037.38, plus additional fees, costs and interest that continue to accrue thereon.

**ANSWER:** Defendants deny the allegations, purported liability and damages contained in Paragraph 78.

### AS TO "COUNT II"
### "Foreclosure of the Batavia Mortgage"

79.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

80.    Owner Defendant Batavia, LLC, Operator Defendant Petersen Health Operations, LLC, Master Tenant, and Defendants Does 1-12 each has or claims to have or may claim to have some interest in or lien upon the Real Property owned by Owner Defendant Batavia, LLC or some

part thereof, which interest or lien, if any, is subject and subordinate to the liens provided for in the Batavia Mortgage.

**ANSWER:** Paragraph 80 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the alleged subordination of any of the Defendants' claims, interests, or lien in the Real Property owned by Owner Defendant Batavia, LCC, the Batavia Mortgage speaks for itself, and Defendants deny Plaintiff's characterization of the Batavia Mortgage. Defendants deny the remainder of the allegations contained in Paragraph 80.

81. The Batavia Mortgage provides for foreclosure upon an event of default.

**ANSWER:** The Batavia Mortgage speaks for itself, and Defendants deny Plaintiff's characterization of the Batavia Mortgage. Defendants deny the remaining allegations of Paragraph 81.

82. Events of default have occurred under the Batavia Mortgage.

**ANSWER:** Defendants deny the allegations contained in Paragraph 82.

83. The conditions for defeasance contained in the Batavia Mortgage have been broken; Plaintiff has complied with any conditions precedent; and Plaintiff is entitled to have the Batavia Mortgage foreclosed.

**ANSWER:** Defendants deny the allegations contained in Paragraph 83.

84. The Real Property owned by Owner Defendant Batavia, LLC cannot be sold in parcels without injury to the parties.

**ANSWER:** Defendants deny the allegations of Paragraph 84.

85.     The Real Property owned by Owner Defendant Batavia, LLC is used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization.

**ANSWER:** Defendants admit that the Real Property owned by Owner Defendant Batavia, LLC is currently used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization. Defendants deny the remaining allegations in Paragraph 85.

### AS TO "COUNT III"
**"UCC Lien Enforcement with Respect**
**To Assets of Owner Defendant Batavia, LLC**
**And Operator Defendant Petersen Health Operations LLC"**

86.     Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

87.     Plaintiff was granted a security interest in all of assets of Owner Defendant Batavia, LLC and Operator Defendant Petersen Health Operations, LLC pursuant to the Batavia Mortgage, the Batavia Operator Security Agreement and the Batavia Assignment of Leases and Rents.

**ANSWER:** Paragraph 87 states a legal conclusion to which no response is required. To the extent a response is required, Defendants state that with respect to the Plaintiff's alleged security interests, the Batavia Mortgage, Batavia Operator Security Agreement and Batavia Assignment of Leases and Rents speak for themselves. Defendants deny Plaintiff's characterization of those documents, and deny any remaining allegations in Paragraph 87.

88.     Plaintiff properly perfected its security interest in those assets by filing financing statements against Owner Defendant Batavia, LLC and Operator Defendant Petersen Health

Operations, LLC, recording the Batavia Mortgage, recording the Batavia Assignment of Leases and Rents and entering into the Petersen Health Operations Deposit Account Control Agreement.

**ANSWER:** Paragraph 88, to the extent Plaintiff purports that a security interest is properly perfected, states a legal conclusion to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Verified Complaint and, therefore, they are denied.

89. Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

**ANSWER:** Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Verified Complaint and, therefore, they are denied.

90. By virtue of the failure of Owner Defendant Batavia, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Batavia HUD Note, Plaintiff is entitled to have its security interest in all of its assets enforced.

**ANSWER:** Defendants deny the allegations contained in Paragraph 90 and deny that Plaintiff is entitled to have its alleged security interests enforced.

**AS TO "COUNT IV"**
**"UCC Lien Enforcement With**
**Respect to Assets of Master Tenant"**

91. Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

92. Plaintiff was granted a security interest in all of assets of Master Tenant pursuant to

the Batavia Master Tenant Security Agreement.

**ANSWER:** Paragraph 92 states a legal conclusion to which no response is required. To the extent a response is required, Defendants state that with respect to the Plaintiff's alleged security interest, the Batavia Master Tenant Security Agreement speaks for itself. Defendants deny Plaintiff's characterization of the Batavia Master Tenant Security Agreement, and deny any remaining allegations in Paragraph 92.

93. Plaintiff properly perfected its security interest in those assets by filing financing statements against Master Tenant.

**ANSWER:** Paragraph 93, to the extent Plaintiff purports that a security interest is properly perfected, states a legal conclusion to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Verified Complaint and, therefore, they are denied.

94. Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

**ANSWER:** Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Verified Complaint and, therefore, they are denied.

95. By virtue of the failure of Owner Defendant Batavia, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Batavia HUD Note, Plaintiff is entitled to have its security interest in all of Master Tenants' assets enforced.

**ANSWER:** Defendants deny the allegations contained in Paragraph 95 and deny that Plaintiff is entitled to have its alleged security interests enforced.

## AS TO "COUNT V"
### "Breach of Contract – Timbercreek HUD Note"

96.     Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:**  Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

97.     Pursuant to the Timbercreek HUD Note, Owner Defendant Timbercreek HCC, LLC is required to timely make the required payments thereunder.

**ANSWER:**  Paragraph 97 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants state that with respect to the payments required under the Timbercreek HUD Note, the Timbercreek HUD Note speaks for itself.  Defendants deny Plaintiff's characterization of the Timbercreek HUD Note, and deny any remaining allegations in Paragraph 97.

98.     Owner Defendant Timbercreek HCC, LLC failed to timely make the required payments thereunder.

**ANSWER:**  Defendants admit that Owner Defendant Timbercreek HCC, LLC did not make certain payments, but deny the remaining allegations of Paragraph 98.

99.     As of January 22, 2024, the outstanding balance on the Timbercreek HUD Loan is $3,408,635.78, plus additional fees, costs and interest that continue to accrue thereon.

**ANSWER:**  Defendants deny the purported outstanding balance on the Timbercreek HUD Loan asserted in Paragraph 99.

100.    As a proximate result of Owner Defendant Timbercreek HCC, LLC's breach of its payment obligations under the Timbercreek HUD Note, Plaintiff has been damaged in an amount not less than $3,408,635.78, plus additional fees, costs and interest that continue to accrue thereon.

**ANSWER:** Defendants deny the allegations, purported liability and damages contained in Paragraph 100.

### AS TO "COUNT II"
#### "Foreclosure of the Timbercreek Mortgage"

101. Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

102. Owner Defendant Timbercreek HCC, LLC, Operator Defendant Petersen Health Operations, LLC, Master Tenant, and Defendants Does 1-12 each has or claims to have or may claim to have some interest in or lien upon the Real Property owned by Owner Defendant Timbercreek HCC, LLC or some part thereof, which interest or lien, if any, is subject and subordinate to the liens provided for in the Timbercreek Mortgage.

**ANSWER:** Paragraph 102 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the alleged subordination of any of the Defendants' claims, interests, or lien in the Real Property owned by Owner Defendant Timbercreek HCC, LCC, the Timbercreek Mortgage speaks for itself, and Defendants deny Plaintiff's characterization of the Timbercreek Mortgage. Defendants deny the remaining of the allegations contained in Paragraph 102.

103. The Timbercreek Mortgage provides for foreclosure upon an event of default.

**ANSWER:** Paragraph 103 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that the Timbercreek Mortgage speaks for itself. Defendants deny Plaintiff's characterization of the Timbercreek Mortgage, and deny the remaining allegations of Paragraph 103.

104.    Events of default have occurred under the Timbercreek Mortgage.

**ANSWER:** Defendants deny the allegations contained in Paragraph 104.

105.    The conditions for defeasance contained in the Timbercreek Mortgage have been broken; Plaintiff has complied with any conditions precedent; and Plaintiff is entitled to have the Timbercreek Mortgage foreclosed.

**ANSWER:** Defendants deny the allegations contained in Paragraph 105 and deny that the Plaintiff is entitled to have the Timbercreek Mortgage foreclosed.

106.    The Real Property owned by Owner Defendant Timbercreek HCC, LLC cannot be sold in parcels without injury to the parties.

**ANSWER:** Defendants deny that the Real Property owned by Owner Defendant Timbercreek HCC, LCC cannot be sold in parcels without injury to the parties.

107.    The Real Property owned by Owner Defendant Timbercreek HCC, LLC is used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization.

**ANSWER:** Defendants admit that the Real Property owned by Owner Defendant Timbercreek HCC, LLC is currently used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization.  Defendants deny the remaining allegations of Paragraph 107.

### AS TO "COUNT VII"
### "UCC Lien Enforcement with Respect
### to Assets of Owner Defendant Timbercreek HCC, LLC
### and Operator Defendant Petersen Health Operations LLC"

108.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

109. Plaintiff was granted a security interest in all of assets of Owner Defendant Timbercreek HCC, LLC and Operator Defendant Petersen Health Operations, LLC pursuant to the Timbercreek Mortgage, the Timbercreek Operator Security Agreement and the Timbercreek Assignment of Leases and Rents.

**ANSWER:** Paragraph 109 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the Plaintiff's alleged security interests, the Timbercreek Mortgage, Timbercreek Operator Security Agreement and Timbercreek Assignment of Leases and Rents speak for themselves. Defendants deny Plaintiff's characterization of those documents, and deny the remaining allegations in Paragraph 109.

110. Plaintiff properly perfected its security interest in those assets by filing financing statements against Owner Defendant Timbercreek HCC, LLC and Operator Defendant Petersen Health Operations, LLC, recording the Timbercreek Mortgage, recording the Timbercreek Assignment of Leases and Rents and entering into the Petersen Health Operations Deposit Account Control Agreement.

**ANSWER:** Paragraph 110, to the extent Plaintiff purports that a security interest is properly perfected, states a legal conclusion to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Verified Complaint and, therefore, they are denied.

111. Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

**ANSWER:** Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Verified Complaint and, therefore, they are denied.

112.    By virtue of the failure of Owner Defendant Timbercreek HCC, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Timbercreek HUD Note, Plaintiff is entitled to have its security interest in all of its assets enforced.

**ANSWER:** Defendants deny the allegations contained in Paragraph 112 and deny that Plaintiff is entitled to have its alleged security interests enforced.

### AS TO "COUNT VII"
**"UCC Lien Enforcement With
Respect to Assets Of Master Tenant"**

113.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

114.    Plaintiff was granted a security interest in all of assets of Master Tenant pursuant to the Timbercreek Master Tenant Security Agreement.

**ANSWER:** Paragraph 114 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the Plaintiff's alleged security interest, the Timbercreek Master Tenant Security Agreement speaks for itself. Defendants deny Plaintiff's characterizations of the Timbercreek Master Tenant Agreement, and deny the remaining allegations of Paragraph 114.

115.    Plaintiff properly perfected its security interest in those assets by filing financing statements against Master Tenant.

**ANSWER:** Paragraph 115, to the extent Plaintiff purports that a security interest is properly perfected, states a legal conclusion to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Verified Complaint and, therefore, they are denied.

116.    Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

**ANSWER:** Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Verified Complaint and, therefore, they are denied.

117.    By virtue of the failure of Owner Defendant Timbercreek HCC, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Timbercreek HUD Note, Plaintiff is entitled to have its security interest in all of Master Tenants' assets enforced.

**ANSWER:** Defendants deny the allegations contained in Paragraph 117 and deny that Plaintiff is entitled to have its alleged security interests enforced.

### AS TO "COUNT IX"
### "Breach Of Contract – Fondulac HUD Note"

118.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

119.    Pursuant to the Fondulac HUD Note, Owner Defendant Fondulac, LLC is required to timely make the required payments thereunder.

**ANSWER:** Paragraph 119 states a legal conclusion to which no response is required. To the extent a response is required, Defendants state that with respect to the payments required under

the Fondulac HUD Note, the Fondulac HUD Note speaks for itself. Defendants deny Plaintiff's characterization of the Fondulac HUD Note, and deny the remaining allegations of Paragraph 119.

120.    Owner Defendant Fondulac, LLC failed to timely make the required payments thereunder.

**ANSWER:** Defendants admit that Owner Defendant Fondulac, LLC did not make certain payments, but deny the remaining allegations of Paragraph 120.

121.    As of January 22, 2024, the outstanding balance on the Fondulac HUD Loan is $1,919,401.75, plus additional fees, costs and interest that continue to accrue thereon.

**ANSWER:** Defendants deny the purported outstanding balance on the Fondulac HUD Loan asserted in Paragraph 121.

122.    As a proximate result of Owner Defendant Fondulac, LLC's breach of its payment obligations under the Fondulac HUD Note, Plaintiff has been damaged in an amount not less than $1,919,401.75, plus additional fees, costs and interest that continue to accrue thereon.

**ANSWER:** Defendants deny the allegations, purported liability and damages contained in Paragraph 122.

### AS TO "COUNT X"
### "Foreclosure Of The Fondulac Mortgage"

123.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

124.    Owner Defendant Fondulac, LLC, Operator Defendant Petersen Health Operations, LLC, Master Tenant, and Defendants Does 1-12 each has or claims to have or may claim to have some interest in or lien upon the Real Property owned by Owner Defendant Fondulac, LLC or

some part thereof, which interest or lien, if any, is subject and subordinate to the liens provided for in the Fondulac Mortgage.

**ANSWER:** Paragraph 124 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the alleged subordination of any of the Defendants' claims, interests, or lien in the Real Property owned by Owner Defendant Fondulac, LCC, the Fondulac Mortgage speaks for itself. Defendants deny Plaintiff's characterization of those documents, and Defendants deny the remainder of the allegations contained in Paragraph 124.

125. The Fondulac Mortgage provides for foreclosure upon an event of default.

**ANSWER:** Paragraph 125 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that the Fondulac Mortgage speaks for itself, and Defendants deny Plaintiff's characterization of the Fondulac Mortgage. Defendants deny the remaining allegations of Paragraph 125.

126. Events of default have occurred under the Fondulac Mortgage.

**ANSWER:** Defendants deny all the allegations contained in Paragraph 126.

127. The conditions for defeasance contained in the Fondulac Mortgage have been broken; Plaintiff has complied with any conditions precedent; and Plaintiff is entitled to have the Fondulac Mortgage foreclosed.

**ANSWER:** Defendants deny the allegations contained in Paragraph 127 and deny that the Plaintiff is entitled to have the Fondulac Mortgage foreclosed.

128. The Real Property owned by Owner Defendant Fondulac, LLC cannot be sold in parcels without injury to the parties.

**ANSWER:** Defendants deny that the Real Property owned by Owner Defendant Fondulac, LCC cannot be sold in parcels without injury to the parties.

129.    The Real Property owned by Owner Defendant Fondulac, LLC is used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization.

**ANSWER:** Defendants admit that the Real Property owned by Owner Defendant Fondulac, LLC is currently used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization. Defendants deny the remaining allegations of Paragraph 129.

### AS TO "COUNT XI"
**"UCC Lien Enforcement With Respect
to Assets Of Owner Defendant Fondulac, LLC
and Operator Defendant Petersen Health Operations LLC"**

130.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

131.    Plaintiff was granted a security interest in all of assets of Owner Defendant Fondulac, LLC and Operator Defendant Petersen Health Operations, LLC pursuant to the Fondulac Mortgage, the Fondulac Operator Security Agreement and the Fondulac Assignment of Leases and Rents.

**ANSWER:** Paragraph 131 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the Plaintiff's alleged security interests, the Fondulac Mortgage, Fondulac Operator Security Agreement and Fondulac

Assignment of Leases and Rents speak for themselves, and Defendants deny Plaintiff's characterization of those documents. Defendants deny the remaining allegations of Paragraph 131.

132. Plaintiff properly perfected its security interest in those assets by filing financing statements against Owner Defendant Fondulac, LLC and Operator Defendant Petersen Health Operations, LLC, recording the Fondulac Mortgage, recording the Fondulac Assignment of Leases and Rents and entering into the Petersen Health Operations Deposit Account Control Agreement.

**ANSWER:** Paragraph 132, to the extent Plaintiff purports that a security interest is properly perfected, states a legal conclusion to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Verified Complaint and, therefore, they are denied.

133. Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

**ANSWER:** Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Verified Complaint and, therefore, they are denied.

134. By virtue of the failure of Owner Defendant Fondulac, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Fondulac HUD Note, Plaintiff is entitled to have its security interest in all of its assets enforced.

**ANSWER:** Defendants deny the allegations contained in Paragraph 134 and deny that Plaintiff is entitled to have its alleged security interests enforced.

**AS TO "COUNT XII"**
**"UCC Lien Enforcement With**
**Respect to Assets of Master Tenant"**

135.     Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:**  Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

136.     Plaintiff was granted a security interest in all of assets of Master Tenant pursuant to the Fondulac Master Tenant Security Agreement.

**ANSWER:**  Paragraph 136 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the Plaintiff's alleged security interest, the Fondulac Master Tenant Security Agreement speaks for itself, and Defendants deny Plaintiff's characterization of that Fondulac Master Tenant Security Agreement.  Defendants deny the remaining allegations of Paragraph 136.

137.     Plaintiff properly perfected its security interest in those assets by filing financing statements against Master Tenant.

**ANSWER:**  Paragraph 137, to the extent Plaintiff purports that a security interest is properly perfected, states a legal conclusion to which no response is required.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Verified Complaint and, therefore, they are denied.

138.     Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

**ANSWER:** Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the Verified Complaint and, therefore, they are denied.

139.     By virtue of the failure of Owner Defendant Fondulac, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Fondulac HUD Note, Plaintiff is entitled to have its security interest in all of Master Tenants' assets enforced.

**ANSWER:** Defendants deny the allegations contained in Paragraph 139 and deny that Plaintiff is entitled to have its alleged security interests enforced.

<u>**AS TO "COUNT XIII"**</u>
**"Breach Of Contract – Bloomington HUD Note"**

140.     Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

141.     Pursuant to the Bloomington HUD Note, Owner Defendant Bloomington, LLC is required to timely make the required payments thereunder.

**ANSWER:** Paragraph 141 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the payments required under the Bloomington HUD Note, the Bloomington HUD Note speaks for itself, and Defendants deny Plaintiff's characterization of the Bloomington HUD Note. Defendants deny the remaining allegations of Paragraph 141.

142.     Owner Defendant Bloomington, LLC failed to timely make the required payments thereunder.

**ANSWER:** Defendants admit that Owner Defendant Bloomington, LLC did not make certain payments, but deny the remaining allegations of Paragraph 142.

143.    As of January 22, 2024, the outstanding balance on the Bloomington HUD Loan is $1,384,695.37, plus additional fees, costs and interest that continue to accrue thereon.

**ANSWER:** Defendants deny the purported outstanding balance on the Bloomington HUD Loan asserted in Paragraph 143.

144.    As a proximate result of Owner Defendant Bloomington, LLC's breach of its payment obligations under the Bloomington HUD Note, Plaintiff has been damaged in an amount not less than $1,384,695.37, plus additional fees, costs and interest that continue to accrue thereon.

**ANSWER:** Defendants deny the allegations, purported liability and damages contained in Paragraph 144.

### AS TO "COUNT XIV"
### "Foreclosure Of The Bloomington Mortgage"

145.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

146.    Owner Defendant Bloomington, LLC, Operator Defendant Petersen Health Operations, LLC, Master Tenant, and Defendants Does 1-12 each has or claims to have or may claim to have some interest in or lien upon the Real Property owned by Owner Defendant Bloomington, LLC or some part thereof, which interest or lien, if any, is subject and subordinate to the liens provided for in the Bloomington Mortgage.

**ANSWER:** Paragraph 146 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the alleged subordination

of any of the Defendants' claims, interests, or lien in the Real Property owned by Owner Defendant Bloomington, LCC, the Bloomington Mortgage speaks for itself. Defendants deny Plaintiff's characterization of those documents, and Defendants deny the remainder of the allegations contained in Paragraph 146.

147.    The Bloomington Mortgage provides for foreclosure upon an event of default.

**ANSWER:** Paragraph 147 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that the Bloomington Mortgage speaks for itself, and Defendants deny Plaintiff's characterization of the Bloomington Mortgage. Defendants deny the remaining allegations of Paragraph 147.

148.    Events of default have occurred under the Bloomington Mortgage.

**ANSWER:** Defendants deny all the allegations contained in Paragraph 148.

149.    The conditions for defeasance contained in the Bloomington Mortgage have been broken; Plaintiff has complied with any conditions precedent; and Plaintiff is entitled to have the Bloomington Mortgage foreclosed.

**ANSWER:** Defendants deny the allegations contained in Paragraph 149 and deny that the Plaintiff is entitled to have the Bloomington Mortgage foreclosed.

150.    The Real Property owned by Owner Defendant Bloomington, LLC cannot be sold in parcels without injury to the parties.

**ANSWER:** Defendants deny that the Real Property owned by Owner Defendant Bloomington, LCC cannot be sold in parcels without injury to the parties.

151.    The Real Property owned by Owner Defendant Bloomington, LLC is used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization.

**ANSWER:** Defendants admit that the Real Property owned by Owner Defendant Bloomington, LLC is currently used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization. Defendants deny the remaining allegations in Paragraph 151.

### AS TO "COUNT XV"
### "UCC Lien Enforcement With Respect
### to Assets of Owner Defendant Bloomington, LLC
### and Operator Defendant Petersen Health Operations LLC"

152. Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

153. Plaintiff was granted a security interest in all of assets of Owner Defendant Bloomington, LLC and Operator Defendant Petersen Health Operations, LLC pursuant to the Bloomington Mortgage, the Bloomington Operator Security Agreement and the Bloomington Assignment of Leases and Rents.

**ANSWER:** Paragraph 153 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the Plaintiff's alleged security interests, the Bloomington Mortgage, Bloomington Operator Security Agreement and Bloomington Assignment of Leases and Rents speak for themselves. Defendants deny Plaintiff's characterization of those documents, and deny the remaining allegations of Paragraph 153.

154. Plaintiff properly perfected its security interest in those assets by filing financing statements against Owner Defendant Bloomington, LLC and Operator Defendant Petersen Health Operations, LLC, recording the Bloomington Mortgage, recording the Bloomington Assignment

of Leases and Rents and entering into the Petersen Health Operations Deposit Account Control Agreement.

**ANSWER:** Paragraph 154, to the extent Plaintiff purports that a security interest is properly perfected, states a legal conclusion to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 of the Verified Complaint and, therefore, they are denied.

155. Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

**ANSWER:** Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 of the Verified Complaint and, therefore, they are denied.

156. By virtue of the failure of Owner Defendant Bloomington, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Bloomington HUD Note, Plaintiff is entitled to have its security interest in all of its assets enforced.

**ANSWER:** Defendants deny the allegations contained in Paragraph 156 and deny that Plaintiff is entitled to have its alleged security interests enforced.

### AS TO "COUNT XVI"
### "UCC Lien Enforcement With
### Respect to Assets of Master Tenant"

157. Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

158.    Plaintiff was granted a security interest in all of assets of Master Tenant pursuant to the Bloomington Master Tenant Security Agreement.

**ANSWER:**  Paragraph 158 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the Plaintiff's alleged security interest, the Bloomington Master Tenant Security Agreement speaks for itself.  Defendants deny Plaintiff's characterization of the Bloomington Master Tenant Security Agreement, and deny the remaining allegations of Paragraph 158.

159.    Plaintiff properly perfected its security interest in those assets by filing financing statements against Master Tenant.

**ANSWER:**  Paragraph 159, to the extent Plaintiff purports that a security interest is properly perfected, states a legal conclusion to which no response is required.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 of the Verified Complaint and, therefore, they are denied.

160.    Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

**ANSWER:**  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 of the Verified Complaint and, therefore, they are denied.

161.    By virtue of the failure of Owner Defendant Bloomington, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Bloomington HUD Note, Plaintiff is entitled to have its security interest in all of Master Tenants' assets enforced.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 161 and deny that Plaintiff is entitled to have its alleged security interests enforced.

### AS TO "COUNT XVII"
### "Breach Of Contract – Sunset HUD Note"

162.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

163.    Pursuant to the Sunset HUD Note, Owner Defendant Sunset HCC, LLC is required to timely make the required payments thereunder.

**ANSWER:** Paragraph 163 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the payments required under the Sunset HUD Note, the Sunset HUD Note speaks for itself. Defendants deny Plaintiff's characterization of the Sunset HUD Note, and deny the remaining allegations of Paragraph 163.

164.    Owner Defendant Sunset HCC, LLC failed to timely make the required payments thereunder.

**ANSWER:** Defendants admit that Owner Defendant Sunset HCC, LLC did not make certain payments, but deny the remaining allegations of Paragraph 164.

165.    As of January 22, 2024, the outstanding balance on the Sunset HUD Loan is $1,929,824.07, plus additional fees, costs and interest that continue to accrue thereon.

**ANSWER:** Defendants deny the purported outstanding balance on the Sunset HUD Loan asserted in Paragraph 165.

166.    As a proximate result of Owner Defendant Sunset HCC, LLC's breach of its payment obligations under the Sunset HUD Note, Plaintiff has been damaged in an amount not less than $1,929,824.07, plus additional fees, costs and interest that continue to accrue thereon.

**ANSWER:** Defendants deny the allegations, purported liability and damages contained in Paragraph 166.

**AS TO "COUNT XVIII"**
**"Foreclosure Of The Sunset Mortgage"**

167.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

168.    Owner Defendant Sunset HCC, LLC, Operator Defendant Petersen Health Junction, LLC, Master Tenant, and Defendants Does 1-12 each has or claims to have or may claim to have some interest in or lien upon the Real Property owned by Owner Defendant Sunset HCC, LLC or some part thereof, which interest or lien, if any, is subject and subordinate to the liens provided for in the Sunset Mortgage.

**ANSWER:** Paragraph 168 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the alleged subordination of any of the Defendants' claims, interests, or lien in the Real Property owned by Owner Defendant Sunset HCC, LCC, the Sunset Mortgage speaks for itself.  Defendants deny Plaintiff's characterization of those documents, and Defendants deny the remainder of the allegations contained in Paragraph 168.

169.    The Sunset Mortgage provides for foreclosure upon an event of default.

**ANSWER:** Paragraph 169 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that the Sunset Mortgage speaks for itself, and Defendants deny Plaintiff's characterization of the Sunset Mortgage.  Defendants deny the remaining allegations of Paragraph 169.

170.     Events of default have occurred under the Sunset Mortgage.

**ANSWER:** Defendants deny the allegations contained in Paragraph 170.

171.     The conditions for defeasance contained in the Sunset Mortgage have been broken; Plaintiff has complied with any conditions precedent; and Plaintiff is entitled to have the Sunset Mortgage foreclosed.

**ANSWER:** Defendants deny the allegations contained in Paragraph 171 and deny that the Plaintiff is entitled to have the Sunset Mortgage foreclosed.

172.     The Real Property owned by Owner Defendant Sunset HCC, LLC cannot be sold in parcels without injury to the parties.

**ANSWER:** Defendants deny that the Real Property owned by Owner Defendant Sunset HCC, LCC cannot be sold in parcels without injury to the parties.

173.     The Real Property owned by Owner Defendant Sunset HCC, LLC is used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization.

**ANSWER:** Defendants admit that the Real Property owned by Owner Defendant Sunset HCC, LLC is currently used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization. Defendants deny the remaining allegations of Paragraph 173.

<u>**AS TO "COUNT XIX"**</u>
**"UCC Lien Enforcement With Respect**
**to Assets of Owner Defendant Sunset HCC, LLC**
**and Operator Defendant Petersen Health Junction LLC"**

174.     Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if restated herein.

175.    Plaintiff was granted a security interest in all of assets of Owner Defendant Sunset HCC, LLC and Operator Defendant Petersen Health Junction, LLC pursuant to the Sunset Mortgage, the Sunset Operator Security Agreement and the Sunset Assignment of Leases and Rents.

**ANSWER:** Paragraph 175 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the Plaintiff's alleged security interests, the Sunset Mortgage, Sunset Operator Security Agreement and Sunset Assignment of Leases and Rents speak for themselves.    Defendants deny Plaintiff's characterization of those documents, and deny the remaining allegations of Paragraph 175.

176.    Plaintiff properly perfected its security interest in those assets by filing financing statements against Owner Defendant Sunset HCC, LLC and Operator Defendant Petersen Health Junction, LLC, recording the Sunset Mortgage, recording the Sunset Assignment of Leases and Rents and entering into the Petersen Health Junction Deposit Account Control Agreement.

**ANSWER:** Paragraph 176, to the extent Plaintiff purports that a security interest is properly perfected, states a legal conclusion to which no response is required.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 of the Verified Complaint and, therefore, they are denied.

177.    Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

**ANSWER:** Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 of the Verified Complaint and, therefore, they are denied.

178.    By virtue of the failure of Owner Defendant Sunset HCC, LLC and Operator Defendant Petersen Health Junction, LLC to timely pay the Sunset HUD Note, Plaintiff is entitled to have its security interest in all of its assets enforced.

**ANSWER:** Defendants deny the allegations contained in Paragraph 178 and deny that Plaintiff is entitled to have its alleged security interests enforced.

**AS TO "COUNT XX"**
**"UCC Lien Enforcement With**
**Respect to Assets of Master Tenant"**

179.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if restated herein.

180.    Plaintiff was granted a security interest in all of assets of Master Tenant pursuant to the Sunset Master Tenant Security Agreement.

**ANSWER:** Paragraph 180 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the Plaintiff's alleged security interest, the Sunset Master Tenant Security Agreement speaks for itself. Defendants deny Plaintiff's characterization of the Sunset Master Tenant Agreement, and deny the remaining allegations of Paragraph 180.

181.    Plaintiff properly perfected its security interest in those assets by filing financing statements against Master Tenant.

**ANSWER:** Paragraph 181, to the extent Plaintiff purports that a security interest is properly perfected, states a legal conclusion to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 of the Verified Complaint and, therefore, they are denied.

182. Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

**ANSWER:** Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 of the Verified Complaint and, therefore, they are denied.

183. By virtue of the failure of Owner Defendant Sunset HCC, LLC and Operator Defendant Petersen Health Junction, LLC to timely pay the Sunset HUD Note, Plaintiff is entitled to have its security interest in all of Master Tenants' assets enforced.

**ANSWER:** Defendants deny the allegations contained in Paragraph 183 and deny that Plaintiff is entitled to have its alleged security interests enforced.

### AS TO "COUNT XXI"
### "Breach Of Contract – Eastside HUD Note"

184. Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

185. Pursuant to the Eastside HUD Note, Owner Defendant Eastside, LLC is required to timely make the required payments thereunder.

**ANSWER:** Paragraph 185 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the payments required

under the Eastside HUD Note, the Eastside HUD Note speaks for itself. Defendants deny Plaintiff's characterization of the Eastside HUD Note, and deny the remaining allegations of Paragraph 185.

186.    Owner Defendant Eastside, LLC failed to timely make the required payments thereunder.

**ANSWER:** Defendants admit that Owner Defendant Eastside, LLC did not make certain payments, but deny the remaining allegations of Paragraph 186.

187.    As of January 22, 2024, the outstanding balance on the Eastside HUD Loan is $4,008,378.74, plus additional fees, costs and interest that continue to accrue thereon.

**ANSWER:** Defendants deny the purported outstanding balance on the Eastside HUD Loan asserted in Paragraph 187.

188.    As a proximate result of Owner Defendant Eastside, LLC's breach of its payment obligations under the Eastside HUD Note, Plaintiff has been damaged in an amount not less than $4,008,378.74, plus additional fees, costs and interest that continue to accrue thereon.

**ANSWER:** Defendants deny the allegations, purported liability and damages contained in Paragraph 188.

### AS TO "COUNT XVIII"
**"Foreclosure Of The Eastside Mortgage"**

189.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

190.    Owner Defendant Eastside, LLC, Operator Defendant Petersen Health Operations, LLC, Master Tenant, and Defendants Does 1-12 each has or claims to have or may claim to have

some interest in or lien upon the Real Property owned by Owner Defendant Eastside, LLC or some part thereof, which interest or lien, if any, is subject and subordinate to the liens provided for in the Eastside Mortgage.

**ANSWER:** Paragraph 190 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the alleged subordination of any of the Defendants' claims, interests, or lien in the Real Property owned by Owner Defendant Eastside, LCC, the Eastside Mortgage speaks for itself. Defendants deny Plaintiff's characterization of those documents, and Defendants deny the remainder of the allegations contained in Paragraph 190.

191.    The Eastside Mortgage provides for foreclosure upon an event of default.

**ANSWER:** Paragraph 191 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that the Eastside Mortgage speaks for itself. Defendants deny Plaintiff's characterization of the Eastside Mortgage, and deny the remaining allegations of Paragraph 191.

192.    Events of default have occurred under the Eastside Mortgage.

**ANSWER:** Defendants deny all the allegations contained in Paragraph 192.

193.    The conditions for defeasance contained in the Eastside Mortgage have been broken; Plaintiff has complied with any conditions precedent; and Plaintiff is entitled to have the Eastside Mortgage foreclosed.

**ANSWER:** Defendants deny the allegations contained in Paragraph 193 and deny that the Plaintiff is entitled to have the Eastside Mortgage foreclosed.

194.    The Real Property owned by Owner Defendant Eastside, LLC cannot be sold in parcels without injury to the parties.

**ANSWER:** Defendants deny that the Real Property owned by Owner Defendant Eastside, LCC cannot be sold in parcels without injury to the parties.

195.    The Real Property owned by Owner Defendant Eastside, LLC is used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization.

**ANSWER:** Defendants admit that the Real Property owned by Owner Defendant Eastside, LLC is currently used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization.  Defendants deny the remaining allegations of Paragraph 195.

**AS TO "COUNT XXIII"**
**"UCC Lien Enforcement With Respect**
**to Assets of Owner Defendant Eastside, LLC**
**and Operator Defendant Petersen Health Operations LLC"**

196.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if restated herein.

197.    Plaintiff was granted a security interest in all of assets of Owner Defendant Eastside, LLC and Operator Defendant Petersen Health Operations, LLC pursuant to the Eastside Mortgage, the Eastside Operator Security Agreement and the Eastside Assignment of Leases and Rents.

**ANSWER:** Paragraph 197 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the Plaintiff's alleged security interests, the Eastside Mortgage, Eastside Operator Security Agreement and Eastside

Assignment of Leases and Rents speak for themselves. Defendants deny Plaintiff's characterization of those documents, and deny the remaining allegations of Paragraph 197.

198.     Plaintiff properly perfected its security interest in those assets by filing financing statements against Owner Defendant Eastside, LLC and Operator Defendant Petersen Health Operations, LLC, recording the Eastside Mortgage, recording the Eastside Assignment of Leases and Rents and entering into the Petersen Health Operations Deposit Account Control Agreement.

**ANSWER:**   Paragraph 198, to the extent Plaintiff purports that a security interest is properly perfected, states a legal conclusion to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198 of the Verified Complaint and, therefore, they are denied.

199.     Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

**ANSWER:**   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 of the Verified Complaint and, therefore, they are denied.

200.     By virtue of the failure of Owner Defendant Eastside, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Eastside HUD Note, Plaintiff is entitled to have its security interest in all of its assets enforced.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 200 and deny that Plaintiff is entitled to have its alleged security interests enforced.

## AS TO "COUNT XXIV"
### "UCC Lien Enforcement With
### Respect to Assets of Master Tenant"

201.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

202.    Plaintiff was granted a security interest in all of assets of Master Tenant pursuant to the Eastside Master Tenant Security Agreement.

**ANSWER:** Paragraph 202 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the Plaintiff's alleged security interest, the Eastside Master Tenant Security Agreement speaks for itself. Defendants deny Plaintiff's characterization of the Eastside Master Tenant Security Agreement, and deny the remaining allegations of Paragraph 202.

203.    Plaintiff properly perfected its security interest in those assets by filing financing statements against Master Tenant.

**ANSWER:** Paragraph 203, to the extent Plaintiff purports that a security interest is properly perfected, states a legal conclusion to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 of the Verified Complaint and, therefore, they are denied.

204.    Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

**ANSWER:** Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204 of the Verified Complaint and, therefore, they are denied.

205. By virtue of the failure of Owner Defendant Eastside, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Eastside HUD Note, Plaintiff is entitled to have its security interest in all of Master Tenants' assets enforced.

**ANSWER:** Defendants deny the allegations contained in Paragraph 205 and deny that Plaintiff is entitled to have its alleged security interests enforced.

### AS TO "COUNT XXV"
### "Breach Of Contract – Cisne HUD Note"

206. Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

207. Pursuant to the Cisne HUD Note, Owner Defendant Cisne, LLC is required to timely make the required payments thereunder.

**ANSWER:** Paragraph 207 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the payments required under the Cisne HUD Note, the Cisne HUD Note speaks for itself. Defendants deny Plaintiff's characterization of the Cisne HUD Note, and deny the remaining allegations of Paragraph 207.

208. Owner Defendant Cisne, LLC failed to timely make the required payments thereunder.

**ANSWER:** Defendants admit that Owner Defendant Cisne, LLC did not make certain payments, but deny the remaining allegations of Paragraph 208.

209.    As of January 22, 2024, the outstanding balance on the Cisne HUD Loan is $714,581.82, plus additional fees, costs and interest that continue to accrue thereon.

**ANSWER:** Defendants deny the purported outstanding balance on the Cisne HUD Loan asserted in Paragraph 209.

210.    As a proximate result of Owner Defendant Cisne, LLC's breach of its payment obligations under the Cisne HUD Note, Plaintiff has been damaged in an amount not less than $714,581.82, plus additional fees, costs and interest that continue to accrue thereon.

**ANSWER:** Defendants deny the allegations, purported liability and damages contained in Paragraph 210.

## AS TO "COUNT XXVI"
### "Foreclosure Of The Cisne Mortgage"

211.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if restated herein.

212.    Owner Defendant Cisne, LLC, Operator Defendant Petersen Health Operations, LLC, Master Tenant, and Defendants Does 1-12 each has or claims to have or may claim to have some interest in or lien upon the Real Property owned by Owner Defendant Cisne, LLC or some part thereof, which interest or lien, if any, is subject and subordinate to the liens provided for in the Cisne Mortgage.

**ANSWER:** Paragraph 212 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the alleged subordination of any of the Defendants' claims, interests, or lien in the Real Property owned by Owner Defendant Cisne, LCC, the Cisne Mortgage speaks for itself. Defendants deny Plaintiff's characterization of

the Cisne Mortgage, and Defendants deny the remainder of the allegations contained in Paragraph 212.

213.    The Cisne Mortgage provides for foreclosure upon an event of default.

**ANSWER:** Paragraph 213 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that the Cisne Mortgage speaks for itself. Defendants deny Plaintiff's characterization of the Cisne Mortgage, and deny the remaining allegations of Paragraph 213. .

214.    Events of default have occurred under the Cisne Mortgage.

**ANSWER:** Defendants deny all the allegations contained in Paragraph 214.

215.    The conditions for defeasance contained in the Cisne Mortgage have been broken; Plaintiff has complied with any conditions precedent; and Plaintiff is entitled to have the Cisne Mortgage foreclosed.

**ANSWER:** Defendants deny the allegations contained in Paragraph 215 and deny that the Plaintiff is entitled to have the Cisne Mortgage foreclosed.

216.    The Real Property owned by Owner Defendant Cisne, LLC cannot be sold in parcels without injury to the parties.

**ANSWER:** Defendants deny that the Real Property owned by Owner Defendant Cisne, LCC cannot be sold in parcels without injury to the parties.

217.    The Real Property owned by Owner Defendant Cisne, LLC is used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization.

**ANSWER:** Defendants admit that the Real Property owned by Owner Defendant Cisne, LLC is currently used for commercial purposes and are not a one- to four-family residence that is

owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization. Defendants deny the remaining allegations of Paragraph 217.

### AS TO "COUNT XXVII"
**"UCC Lien Enforcement With Respect
to Assets of Owner Defendant Cisne, LLC
and Operator Defendant Petersen Health Operations LLC"**

218.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:**  Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

219.    Plaintiff was granted a security interest in all of assets of Owner Defendant Cisne, LLC and Operator Defendant Petersen Health Operations, LLC pursuant to the Cisne Mortgage, the Cisne Operator Security Agreement and the Cisne Assignment of Leases and Rents.

**ANSWER:**  Paragraph 219 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the Plaintiff's alleged security interests, the Cisne Mortgage, Cisne Operator Security Agreement and Cisne Assignment of Leases and Rents speak for themselves.  Defendants deny Plaintiff's characterization of those documents, and deny the remaining allegations of Paragraph 219.

220.    Plaintiff properly perfected its security interest in those assets by filing financing statements against Owner Defendant Cisne, LLC and Operator Defendant Petersen Health Operations, LLC, recording the Cisne Mortgage, recording the Cisne Assignment of Leases and Rents and entering into the Petersen Health Operations Deposit Account Control Agreement.

**ANSWER:**  Paragraph 220, to the extent Plaintiff purports that a security interest is properly perfected, states a legal conclusion to which no response is required.  Defendants deny

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 220 of the Verified Complaint and, therefore, they are denied.

221.    Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

**ANSWER:** Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 221 of the Verified Complaint and, therefore, they are denied.

222.    By virtue of the failure of Owner Defendant Cisne, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Cisne HUD Note, Plaintiff is entitled to have its security interest in all of its assets enforced.

**ANSWER:** Defendants deny the allegations contained in Paragraph 222 and deny that Plaintiff is entitled to have its alleged security interests enforced.

**AS TO "COUNT XXVIII"**
**"UCC Lien Enforcement With**
**Respect to Assets of Master Tenant"**

223.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if restated herein.

224.    Plaintiff was granted a security interest in all of assets of Master Tenant pursuant to the Cisne Master Tenant Security Agreement.

**ANSWER:** Paragraph 224 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the Plaintiff's alleged security interest, the Cisne Master Tenant Security Agreement speaks for itself. Defendants deny

Plaintiff's characterization of that Cisne Master Tenant Security Agreement, and deny the remaining allegations of Paragraph 224.

225.    Plaintiff properly perfected its security interest in those assets by filing financing statements against Master Tenant.

**ANSWER:**  Paragraph 225, to the extent Plaintiff purports that a security interest is properly perfected, states a legal conclusion to which no response is required.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 225 of the Verified Complaint and, therefore, they are denied.

226.    Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

**ANSWER:**  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 226 of the Verified Complaint and, therefore, they are denied.

227.    By virtue of the failure of Owner Defendant Cisne, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Cisne HUD Note, Plaintiff is entitled to have its security interest in all of Master Tenants' assets enforced.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 227 and deny that Plaintiff is entitled to have its alleged security interests enforced.

## AS TO "COUNT XXIX"
### "Breach of Contract – Benton HUD Note"

228.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

229.    Pursuant to the Benton HUD Note, Owner Defendant Benton HCC, LLC is required to timely make the required payments thereunder.

**ANSWER:** Paragraph 229 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the payments required under the Benton HUD Note, the Benton HUD Note speaks for itself.  Defendants deny Plaintiff's characterization of the Benton HUD Note, and deny the remaining allegations of Paragraph 229.

230.    Owner Defendant Benton HCC, LLC failed to timely make the required payments thereunder.

**ANSWER:**  Defendants admit that Owner Defendant Benton HCC, LLC did not make certain payments, but deny the remaining allegations of Paragraph 230.

231.    As of January 22, 2024, the outstanding balance on the Benton HUD Loan is $1,870,114.58, plus additional fees, costs and interest that continue to accrue thereon.

**ANSWER:** Defendants deny the purported outstanding balance on the Benton HUD Loan asserted in Paragraph 231.

232.    As a proximate result of Owner Defendant Benton HCC, LLC's breach of its payment obligations under the Benton HUD Note, Plaintiff has been damaged in an amount not less than $1,870,114.58, plus additional fees, costs and interest that continue to accrue thereon.

**ANSWER:** Defendants deny the allegations, purported liability and damages contained in Paragraph 232.

**AS TO "COUNT XXX"**
**"Foreclosure Of The Benton Mortgage"**

233. Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

234. Owner Defendant Benton HCC, LLC, Operator Defendant Petersen Health Operations, LLC, Master Tenant, and Defendants Does 1-12 each has or claims to have or may claim to have some interest in or lien upon the Real Property owned by Owner Defendant Benton HCC, LLC or some part thereof, which interest or lien, if any, is subject and subordinate to the liens provided for in the Benton Mortgage.

**ANSWER:** Paragraph 234 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the alleged subordination of any of the Defendants' claims, interests, or lien in the Real Property owned by Owner Defendant Benton HCC, LCC, the Benton Mortgage speaks for itself. Defendants deny Plaintiff's characterization of the Benton Mortgage and Defendants deny the remainder of the allegations contained in Paragraph 234.

235. The Benton Mortgage provides for foreclosure upon an event of default.

**ANSWER:** To the extent a response is required, the Defendants state that the Benton Mortgage speaks for itself. Defendants deny Plaintiff's characterization of the Benton Mortgage, and deny the remaining allegations of Paragraph 235.

236. Events of default have occurred under the Benton Mortgage.

**ANSWER:** Defendants deny all the allegations contained in Paragraph 236.

237.    The conditions for defeasance contained in the Benton Mortgage have been broken; Plaintiff has complied with any conditions precedent; and Plaintiff is entitled to have the Benton Mortgage foreclosed.

**ANSWER:** Defendants deny the allegations contained in Paragraph 237 and deny that the Plaintiff is entitled to have the Benton Mortgage foreclosed.

238.    The Real Property owned by Owner Defendant Benton HCC, LLC cannot be sold in parcels without injury to the parties.

**ANSWER:** Defendants deny that the Real Property owned by Owner Defendant Benton HCC, LCC cannot be sold in parcels without injury to the parties.

239.    The Real Property owned by Owner Defendant Benton HCC, LLC is used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization.

**ANSWER:** Defendants admit that the Real Property owned by Owner Defendant Benton HCC, LLC is currently used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization. Defendants deny the remaining allegations of Paragraph 139.

### AS TO "COUNT XXXI"
**"UCC Lien Enforcement With Respect
to Assets of Owner Defendant Benton HCC, LLC
and Operator Defendant Petersen Health Operations LLC"**

240.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if restated herein.

241. Plaintiff was granted a security interest in all of assets of Owner Defendant Benton HCC, LLC and Operator Defendant Petersen Health Operations, LLC pursuant to the Benton Mortgage, the Benton Operator Security Agreement and the Benton Assignment of Leases and Rents.

**ANSWER:** Paragraph 241 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the Plaintiff's alleged security interests, the Benton Mortgage, Benton Operator Security Agreement and Benton Assignment of Leases and Rents speak for themselves. Defendants deny Plaintiff's characterization of those documents, and deny the remaining allegations of Paragraph 241.

242. Plaintiff properly perfected its security interest in those assets by filing financing statements against Owner Defendant Benton HCC, LLC and Operator Defendant Petersen Health Operations, LLC, recording the Benton Mortgage, recording the Benton Assignment of Leases and Rents and entering into the Petersen Health Operations Deposit Account Control Agreement.

**ANSWER:** Paragraph 242, to the extent Plaintiff purports that a security interest is properly perfected, states a legal conclusion to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 242 of the Verified Complaint and, therefore, they are denied.

243. Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

**ANSWER:** Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 243 of the Verified Complaint and, therefore, they are denied.

244.    By virtue of the failure of Owner Defendant Benton HCC, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Benton HUD Note, Plaintiff is entitled to have its security interest in all of its assets enforced.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 244 and deny that Plaintiff is entitled to have its alleged security interests enforced.

### AS TO "COUNT XXXII"
### "UCC Lien Enforcement With
### Respect to Assets of Master Tenant"

245.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:**  Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

246.    Plaintiff was granted a security interest in all of assets of Master Tenant pursuant to the Benton Master Tenant Security Agreement.

**ANSWER:**  Paragraph 246 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the Plaintiff's alleged security interest, the Cisne Master Tenant Security Agreement speaks for itself. Defendants deny Plaintiff's characterization of that Cisne Master Tenant Security Agreement, and deny the remaining allegations of Paragraph 246.

247.    Plaintiff properly perfected its security interest in those assets by filing financing statements against Master Tenant.

**ANSWER:**  Paragraph 247, to the extent Plaintiff purports that a security interest is properly perfected, states a legal conclusion to which no response is required.  Defendants deny

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 247 of the Verified Complaint and, therefore, they are denied.

248.    Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

**ANSWER:** Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 248 of the Verified Complaint and, therefore, they are denied.

249.    By virtue of the failure of Owner Defendant Benton HCC, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Benton HUD Note, Plaintiff is entitled to have its security interest in all of Master Tenants' assets enforced.

**ANSWER:** Defendants deny the allegations contained in Paragraph 249 and deny that Plaintiff is entitled to have its alleged security interests enforced.

<u>**AS TO "COUNT XXXIII"**</u>
**"Breach of Contract – Ozark HUD Note"**

250.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

251.    Pursuant to the Ozark HUD Note, Owner Defendant Ozark HCC, LLC is required to timely make the required payments thereunder.

**ANSWER:** Paragraph 251 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the payments required under the Ozark HUD Note, the Ozark HUD Note speaks for itself. Defendants deny Plaintiff's characterization of the Ozark HUD Note, and deny the remaining allegations of Paragraph 251.

252.    Owner Defendant Ozark HCC, LLC failed to timely make the required payments thereunder.

**ANSWER:**  Defendants admit that Owner Defendant Ozark HCC, LLC did not make certain payments, but deny the remaining allegations of Paragraph 252.

253.    As of January 22, 2024, the outstanding balance on the Ozark HUD Loan is $3,357,858.15, plus additional fees, costs and interest that continue to accrue thereon.

**ANSWER:**  Defendants deny the purported outstanding balance on the Ozark HUD Loan asserted in Paragraph 253.

254.    As a proximate result of Owner Defendant Ozark HCC, LLC's breach of its payment obligations under the Ozark HUD Note, Plaintiff has been damaged in an amount not less than $3,357,858.15, plus additional fees, costs and interest that continue to accrue thereon.

**ANSWER:**  Defendants deny the allegations, purported liability and damages contained in Paragraph 254.

### AS TO "COUNT XXXIV"
### "Foreclosure Of The Ozark Mortgage"

255.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:**  Defendants hereby incorporate its responses in Paragraphs 1-73 as if fully restated herein.

256.    Owner Defendant Ozark HCC, LLC, Operator Defendant Petersen Health Operations, LLC, Master Tenant, and Defendants Does 1-12 each has or claims to have or may claim to have some interest in or lien upon the Real Property owned by Owner Defendant Ozark HCC, LLC or some part thereof, which interest or lien, if any, is subject and subordinate to the liens provided for in the Ozark Deed of Trust.

**ANSWER:** Paragraph 256 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the alleged subordination of any of the Defendants' claims, interests, or lien in the Real Property owned by Owner Defendant Ozark HCC, LCC, the Ozark Mortgage speaks for itself. Defendants deny Plaintiff's characterization of the Ozark Mortgage, and Defendants deny the remainder of the allegations contained in Paragraph 256.

257. The Ozark Deed of Trust provides for foreclosure upon an event of default.

**ANSWER:** Paragraph 257 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that the Ozark Deed of Trust speaks for itself. Defendants deny Plaintiff's characterization of the Deed of Trust, and deny the remaining allegations of Paragraph 257.

258. Events of default have occurred under the Ozark Deed of Trust.

**ANSWER:** Defendants deny all the allegations contained in Paragraph 258.

259. The conditions for defeasance contained in the Ozark Deed of Trust have been broken; Plaintiff has complied with any conditions precedent; and Plaintiff is entitled to have the Ozark Deed of Trust foreclosed.

**ANSWER:** Defendants deny the allegations contained in Paragraph 259 and deny that the Plaintiff is entitled to have the Ozark Deed of Trust foreclosed.

260. The Real Property owned by Owner Defendant Ozark HCC, LLC cannot be sold in parcels without injury to the parties.

**ANSWER:** Defendants deny that the Real Property owned by Owner Defendant Ozark HCC, LCC cannot be sold in parcels without injury to the parties.

261. The Real Property owned by Owner Defendant Ozark HCC, LLC is used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization.

**ANSWER:** Defendants admit that the Real Property owned by Owner Defendant Ozark HCC, LLC is currently used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization. Defendants deny the remaining allegations of Paragraph 261.

### AS TO "COUNT XXXV"
**"UCC Lien Enforcement With Respect
to Assets of Owner Defendant Ozark HCC, LLC
and Operator Defendant Petersen Health Operations LLC"**

262. Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if restated herein.

263. Plaintiff was granted a security interest in all of assets of Owner Defendant Ozark HCC, LLC and Operator Defendant Petersen Health Operations, LLC pursuant to the Ozark Deed of Trust, the Ozark Operator Security Agreement and the Ozark Assignment of Leases and Rents.

**ANSWER:** Paragraph 263 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the Plaintiff's alleged security interests, the Ozark Deed of Trust, Ozark Operator Security Agreement and Ozark Assignment of Leases and Rents speak for themselves. Defendants deny Plaintiff's characterizations of those documents, and Defendants deny the remaining allegations of Paragraph 263.

264.     Plaintiff properly perfected its security interest in those assets by filing financing statements against Owner Defendant Ozark HCC, LLC and Operator Defendant Petersen Health Operations, LLC, recording the Ozark Deed of Trust, recording the Ozark Assignment of Leases and Rents and entering into the Petersen Health Operations Deposit Account Control Agreement.

**ANSWER:**   Paragraph 264, to the extent Plaintiff purports that a security interest is properly perfected, states a legal conclusion to which no response is required.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 264 of the Verified Complaint and, therefore, they are denied.

265.     Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

**ANSWER:**  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 265 of the Verified Complaint and, therefore, they are denied.

266.     By virtue of the failure of Owner Defendant Ozark HCC, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Ozark HUD Note, Plaintiff is entitled to have its security interest in all of its assets enforced.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 266 and deny that Plaintiff is entitled to have its alleged security interests enforced.

### AS TO "COUNT XXXVI"
**"UCC Lien Enforcement With
Respect to Assets of Master Tenant"**

267.     Plaintiff realleges and incorporates by reference the preceding paragraphs 1-73 as if set forth fully herein.

**ANSWER:** Defendants hereby incorporate its responses in Paragraphs 1-73 as if restated herein.

268. Plaintiff was granted a security interest in all of assets of Master Tenant pursuant to the Ozark Master Tenant Security Agreement.

**ANSWER:** Paragraph 268 states a legal conclusion to which no response is required. To the extent a response is required, the Defendants state that with respect to the Plaintiff's alleged security interest, the Ozark Master Tenant Security Agreement speaks for itself. Defendants deny Plaintiff's characterization of that Ozark Master Tenant Security Agreement, and deny the remaining allegations of Paragraph 268.

269. Plaintiff properly perfected its security interest in those assets by filing financing statements against Master Tenant.

**ANSWER:** Paragraph 269, to the extent Plaintiff purports that a security interest is properly perfected, states a legal conclusion to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 269 of the Verified Complaint and, therefore, they are denied.

270. Plaintiff has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

**ANSWER:** Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 270 of the Verified Complaint and, therefore, they are denied.

271. By virtue of the failure of Owner Defendant Ozark HCC, LLC and Operator Defendant Petersen Health Operations, LLC to timely pay the Ozark HUD Note, Plaintiff is entitled to have its security interest in all of Master Tenants' assets enforced.

**ANSWER:** Defendants deny the allegations contained in Paragraph 271 and deny that Plaintiff is entitled to have its alleged security interests enforced.

## AS TO THE "WHEREFORE" CLAUSE

Defendants deny that the Plaintiff is entitled to any relief or judgment from the Court, including without limitation all of the relief, judgements, and other requests contained in Paragraphs (a) through (jj) of the Wherefore section and prayer for relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendants state the following affirmative and additional defenses to the Verified Complaint but do not assume the burden of proof on any such defenses except as required by applicable law with respect to the particular defense asserted. Defendants reserves the right to assert other affirmative defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

## FIRST AFFIRMATIVE DEFENSE

1.     The Verified Complaint fails to state any cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.     The Plaintiff's claims are barred, in whole or in part, to the extent that any damages complained of by the Plaintiff were not mitigated by it.

## THIRD AFFIRMATIVE DEFENSE

3.     Defendants did not breach any contractual obligation due to Plaintiff under the loan documents.

## FOURTH AFFIRMATIVE DEFENSE

4.     Defendants performed as required by the terms of the loan agreements.

## **FIFTH AFFIRMATIVE DEFENSE**

5.     Plaintiff's claims are barred by reason of the failure of Plaintiff to adhere to the terms of the applicable loan agreements.

## **SIXTH AFFIRMATIVE DEFENSE**

6.     Plaintiff's claims are barred by the doctrine of waiver.

## **SEVENTH AFFIRMATIVE DEFENSE**

7.     Plaintiff's claims are barred by the doctrine of estoppel.

## **EIGHTH AFFIRMATIVE DEFENSE**

8.     Defendants expressly reserve the right to assert any additional affirmative defenses pending their receipt of further information and/or discovery.

## **RELIEF REQUESTED**

WHEREFORE, Defendants respectfully requests judgment in its favor, and against Plaintiff, as follows:

A.     Plaintiff takes nothing by way of their Verified Complaint;

B.     That the Verified Complaint, and each and every purported Cause of Action therein, be dismissed with prejudice;

C.     That Defendants be awarded their costs and attorneys' fees, if permitted by law, and,

D.     That Defendants be awarded such further and other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Defendants demand a jury trial relating to this matter.

Dated:    June 7, 2024                    Respectfully submitted,

                                          **WINSTON & STRAWN LLP**

                                          */s/  Scott Ahmad*
                                          Scott M. Ahmad
                                          35 W. Wacker Drive
                                          Chicago, IL 60601
                                          Telephone:    (312) 558-5600
                                          Email:        sahmad@winston.com

                                          *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed via the Court's ECF system, and thereby served on all counsel of record.

Dated:    June 7, 2024                                Respectfully submitted,

**WINSTON & STRAWN LLP**

*/s/  Scott Ahmad*
Scott M. Ahmad
35 W. Wacker Drive
Chicago, IL 60601
Telephone:      (312) 558-5600
Email:            sahmad@winston.com

*Counsel for Defendants*